[Civ. No. 21870.   Second Dist., Div. Two.   Nov. 26, 1956.]

MYRON J. STUART, Appellant, v. HOLLYWOOD TURF CLUB et al., Respondents.

Zeman, Hertzberg & Schekman for Appellant.

Freston & Files and Ralph E. Lewis for Respondents.

FOX, J.—Plaintiff appeals from an order dismissing his case because he did not bring it to trial within five years. The complaint was filed April 13, 1950.  A demurrer was

sustained June 20, 1950, with leave to amend in ten days. First amended complaint was filed November 26, 1954. Demurrer was sustained to this pleading, but with permission to amend, on January 7, 1955. Second amended complaint was filed on January 12th. Demurrer was sustained to counts 2 and 4 with leave to amend on February 9 and overruled as to the other counts. On March 28, 1955, plaintiff elected not to amend counts 2 and 4. Defendants filed an answer to the other counts the next day. On April 5, 1955, plaintiff filed notice of motion to set the case for immediate trial. This motion was denied two days later, which was the fifth court day prior to the expiration of the five-year period. (Code Civil Proc., § 583.)[1] A notice of appeal from this ruling was filed April 12, 1955. The purported appeal was dismissed by this court in January, 1956, on the ground that the order was nonappealable. In the meantime the case was set for trial on December 8, 1955. ▮ However, defendants' motion to dismiss was granted on November 28. This was more than five years and seven months after the complaint was filed. It is therefore apparent that the dismissal was proper unless plaintiff can bring his case within one of the exceptions stated in section 583, or within one of the implied exceptions developed by the decisions[2] for the statute is mandatory where applicable. (*Andersen* v. *Superior Court*, 187 Cal. 95, 97 [200 P. 963]; *Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61, 63 [168 P.2d 665].) Plaintiff does not rely on any of the expressly enumerated exceptions in the statute. Rather he relies on the principle that, in computing the five-year period, the time during which, for all practical purposes, going to trial would either be impossible or impracticable and futile, is to be excluded. (*Christin* v. *Superior Court*, 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153].) He therefore argues that "inasmuch as the attention of the Presiding Judge was called to the fact that the five-year period was about to expire, there was an abuse of discretion in failing to set the matter for

---

[1]The pertinent portion of section 583, Code of Civil Procedure, reads: "Any action . . . shall be dismissed by the Court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it is shown that the defendant has been absent from the state or concealed therein and his whereabouts unknown to plaintiff and not discoverable . . . upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period."

[2]For list of implied exceptions see *Ellsworth* v. *United States Metals Corp.*, 110 Cal.App.2d 727, footnote 3, pp. 728 and 729 [243 P.2d 575].

trial and the period following such request should be excluded from the computation of the statutory period'' and that the time the appeal was pending from the order denying plaintiff's motion for an immediate trial should also be excluded from such period. Plaintiff's position is not sound upon either count.

The reasonableness of the court's action in denying plaintiff's motion on April 7th for an immediate trial must be measured by the entire factual picture and not by just the single fact that the five-year period would expire in five court days. The presiding judge was entitled to take into account that a demurrer had been sustained to the original complaint on June 20, 1950, with leave to amend within 10 days, but that the first amended complaint was not filed until November 26, 1954. Thus for a period of more than four years plaintiff had permitted the case to lie dormant. Also, as plaintiff points out in his brief, ''the cause was at issue for the first time on March 29, 1955.'' This was approximately two weeks before the five-year statutory period would expire. And, as previously noted, the motion for immediate trial was made on the fifth court day before the expiration of such period. The presiding judge was also entitled to take into consideration the state of the court's calendar and the large number of cases that were already scheduled for and awaiting trial and the time normally required to get on the trial calendar. (*Continental Pac. Lines* v. *Superior Court*, 142 Cal. App.2d 744, 750 [299 P.2d 417].) In such circumstances it cannot be said that the presiding judge abused his discretion in denying plaintiff's motion for an immediate trial. (See *Legg* v. *United Benefit Life Ins. Co.*, 136 Cal.App.2d 894 [289 P.2d 553], where the motion for an early setting was heard ''just five days before the expiration of the statutory period.'' The case was set for trial, however, three months and 10 days later. In the meantime, a motion to dismiss was made and granted. This court affirmed the judgment of dismissal.)

In this connection plaintiff relies on the observation in *Bank of America* v. *Superior Court*, 84 Cal.App.2d 34, at page 37 [189 P.2d 799], that ''It may be that if a plaintiff moves to set *well within the five years* and requests that the cause be set for trial before the expiration of that period a failure to so set the cause for trial might be an abuse of discretion and such period might be excluded on the theory'' that it was ''practically impossible to proceed.'' (Emphasis added.) It

is apparent that the case at bar does not fall within the above dictum since plaintiff did not move for an immediate trial "well within the five years." Any practical impossibility in getting the case to trial within the statutory period was due to plaintiff's own inactivity and lack of diligence. He is not entitled to use the time thus consumed to extend the five-year limitation on bringing his case to trial.

*California Emp. Stab. Com. v. Guernewood Park Resort & Tavern,* 70 Cal.App.2d 245 [160 P.2d 581], relied on by plaintiff, is not here applicable since the motion to dismiss was made on the day of the trial which was one day short of the expiration of the five-year period.

Plaintiff is not entitled to exclude from the five-year period the time consumed in his attempted appeal from the denial of his motion for an immediate trial. Not only was the order nonappealable as this court held in dismissing the purported appeal, but it did not divest the trial court of jurisdiction in any sense or to any extent. Plaintiff was not held up at all by reason of his attempted appeal but was entitled to proceed with his case in the trial court during such period. Hence he is not entitled to deduct that time from the statutory period. His attempted appeal rendered his going to trial neither "impossible" nor "impracticable and futile." Thus plaintiff fails to bring his case within the principles of the Christin case, *supra.*

The order (including judgment for costs) is affirmed.

Moore, P. J., and Ashburn, J., concurred.