[Civ. No. 31044. Second Dist., Div. One. Oct. 4, 1966.]

GENERAL INSURANCE COMPANY OF AMERICA, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ELMER C. LATHROM, Real Party in Interest.

Arnold V. Winthrop for Petitioner.

No appearance for Respondent.

Pray, Price, Williams & Deatherage and William A. Williams for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner asks this court to issue forthwith a writ of mandate commanding the respondent court to set its cause of action for trial prior to October 10, 1966, or to grant the alternative relief of a partial trial by allowing the swearing of one witness and then continuing the matter to a time mutually convenient to the court and to the parties for the completion of the trial. We have concluded that the petition must be denied.

We glean from the all too meager petition that on October 10, 1961, petitioner filed its action against the real party in interest "for property damage due to a fire loss." On September 22, 1966, the respondent court denied petitioner's motion pursuant to rule 225, California Rules of Court, for an order setting the action for trial "in advance of the regular calendar on the grounds that a further delay will greatly prejudice plaintiff because the five year statute within which to bring an action for trial runs October 9, 1966." The petition alleges that its motion was denied on the grounds that the calendar was crowded and that petitioner's request was not timely. It is also alleged that the respondent court also refused to send the case out for a partial trial whereby one witness could be sworn and the matter then continued to a time mutually convenient to the court and to the parties, and set the case for trial December 1, 1966.

 The denial of petitioners' motion and the setting of the case for trial on a date more than five years after the filing

*Assigned by the Chairman of the Judicial Council.

of its complaint was a proper exercise of the court's discretion.

The commencement of a civil action by the filing of a complaint, without more, places no responsibility on the trial court to take any action with respect to its ultimate disposition. The court is not required on its own motion to do any act in the exercise of its jurisdiction. The court is only required to act when requested to do so by the parties. "It has been stated frequently that 'the duty rests upon a plaintiff at every stage of the proceeding to use due diligence to expedite his case to a final determination.' (*Raggio* v. *Southern Pacific Co.*, 181 Cal. 472, 475 [185 P. 171]; *St. Clair* v. *Brix*, 89 Cal.App. 94, 99 [264 P. 307]; *Simonini* v. *Jay Dee Leather Products Co.*, 85 Cal.App.2d 265, 269 [193 P.2d 53]), 'and no affirmative duty to do more than meet the plaintiff step by step is cast on the defendant.' (*Gunner* v. *Van Ness Garage*, 150 Cal.App.2d 345, 347 [310 P.2d 32].)" (*Knight v. Pacific Gas & Elec. Co.*, 178 Cal.App.2d 923, 929 [3 Cal.Rptr. 600].) Similarly, as held in *Bonelli* v. *Chandler*, 165 Cal.App.2d 267, 273 [331 P.2d 705], and a host of other cases, the burden of showing excusable delay to avoid the consequences of section 583, Code of Civil Procedure, is on the party seeking to avoid a dismissal under that section.

Our determination that petitioner is not entitled to the relief sought is primarily based on the showing made by the petitioner. (See *Kandel* v. *Superior Court* (Cal. App.), 52 Cal.Rptr. 490, and cases there cited.) It appears from the petition that on April 8, 1966, petitioner's attorney sent to defendant's attorneys a memorandum to set and certificate of readiness (hereafter sometimes referred to as the memorandum and certificate) with the request that it be signed by them and returned for filing. Petitioner's attorney thus recognized the policy of the respondent court requiring the concurrent filing of a memorandum to set (rule 206, Cal. Rules of Court) and a certificate of readiness as a prerequisite to the setting of a case for a pretrial conference. (See Policy Memorandum: Setting Cases for Pretrial and Trial, Superior Court, Los Angeles County, effective May 1, 1964, revised July 1, 1966.) Having done so, he was in a position 10 days later, upon the failure or refusal of defendant's attorneys to sign and return the memorandum and certificate,

to file the memorandum and certificate properly executed by him, with an affidavit setting forth the facts concerning such failure or refusal, the reasons given therefor, and the fact of such service and request. In that event, as set forth in the Policy Memorandum, the case would have been set for a pretrial conference unless otherwise ordered by the court for good cause on motion of the defendant's attorneys. That petitioner's attorney was aware of this procedure is evidenced by his subsequent acts.

Instead of filing his memorandum and certificate with an appropriate affidavit with respect to the failure or refusal of defendant's attorneys to sign and return it, petitioner's attorney did nothing for two months. Petitioner alleges that on June 24, 1966, he contacted William A. Williams, one of defendant's attorneys by telephone, who assured him that the memorandum and certificate would be forwarded with proper signature "as soon as he could locate the file."[1] This casualness of defendant's attorneys was matched with a further delay on the part of petitioner's attorney until July 26, when he was finally told by James B. Russell, Jr., another of defendant's attorneys, that the memorandum and certificate would not be signed and returned for filing.

The memorandum and certificate and the necessary affidavit were filed July 27. On September 8, on plaintiff's motion, the court set the case for a pretrial conference on September 22. The placing of the memorandum and certificate by the clerk in the court's file instead of delivering them to the setting clerk did not cause more than a few days' delay in securing a date for the pretrial conference, since this error was discovered by petitioner's attorney on August 2. It was not until September 12, however, that petitioner's attorney filed his notice of motion to be heard on September 22 for an early setting pursuant to rule 225, California Rules of Court. The declaration of petitioner's attorney in support of this motion sets forth no facts other than those which are set forth in the petition before us. Petitioner was thus asking the respondent court to set the action for trial on any one of the 10 court days remaining between September 22 and the expiration of the five-year period on October 10.

---

[1] This is denied by Mr. Williams, who states in his declaration filed in opposition to the petition that he told petitioner's attorney only that he would locate the file and discuss the matter with Mr. Russell who was handling the case for the firm.

As we have noted above, the complaint was filed October 10, 1961. In their response to the petition here, the attorneys for the real party in interest state that his answer was filed October 28, 1961, and that a memorandum to set was filed November 10, 1961. They also state that the action was set for a pretrial conference on May 1, 1963, and after four continuances was apparently taken off calendar on March 19, 1964, by plaintiff. Petitioner makes no explanation whatever for its failure for more than two years thereafter to take appropriate steps to have the case set for trial before the expiration of the five-year period.

■ In the circumstances of this case, petitioner's motion was properly denied. The reasonableness of the court's action in denying the motion ''must be measured by the entire factual picture and not by just the single fact that the five-year period would expire in five court days,'' (*Stuart* v. *Hollywood Turf Club,* 146 Cal.App.2d 261, 263 [303 P.2d 897]) and the court ''was not limited to a consideration of appellant's diligence after he realized that the mandatory provisions of section 583 might compel dismissal'' (*Governale* v. *Bethlehem Pacific Coast Steel Corp.,* 235 Cal.App.2d 837, 843 [45 Cal.Rptr. 707]).

It has been held that the action of the court upon plaintiff's motion for early trial date is tantamount to that upon a motion to dismiss under the two-year provision of section 583. In *Beswick* v. *Palo Verde Hospital Assn.,* 188 Cal.App.2d 254, 260-261 [10 Cal.Rptr. 314], the court states: ''In passing upon the motion for an early and preferential setting, the court was not limited to a consideration of the single fact that the five-year period was about to expire but was required to view the total picture, including the dilatory action of the plaintiff, the condition of the court's calendar, the rights of other litigants, and the prejudice to the defendants resulting from the delay. . . . The action of the court on such a motion is tantamount to action upon a motion to dismiss for failure to prosecute within the two-year period prescribed by section 583 of the Code of Civil Procedure; in each instance the motion is addressed to its sound legal discretion; the motivating factors in the exercise of that discretion would be pertinent to both motions; and its decision 'will be disturbed only in cases of manifest abuse.' [Citations.] It is settled that 'the duty rests upon a plaintiff at each stage of the proceedings to use diligence to expedite his case to a final determination.' . . . Delay attributable to the pressure of business, sickness, or

death of counsel or of the parties is not necessarily excusable. . . .

" 'Each case must be decided on its own peculiar features and the facts.' [Citation.] "

In support of the petition, petitioner's attorney relies on *Bass* v. *Braun*, 178 Cal.App.2d 744, 749-750 [3 Cal.Rptr. 212], where the court said: "It has been suggested that it may be an abuse of discretion to fail to advance a cause on the calendar when the court's attention is called to the near running of the mandatory five-year period, and we agree that under certain circumstances this could be true." It is to be noted, however, that the court in that case went on to say: "However, we can see nothing in the record before us to indicate that there was any open place on the court's calendar or that the cause could have been set without displacing one or more other causes. We cannot fail to note that the trial courts of California, in order to efficiently dispose of the mass of litigation resultant from the unprecedented millions of people who have migrated to California in the past three decades, have been forced to keep all calendars closely and fully crowded with cases for trial during the months immediately ensuing after the pretrial conferences. We cannot ignore the knowledge which is available to all experienced trial lawyers and judges, that most of the courts in the populous counties often set more than one case in each department to be sure that the court's time is fully occupied and that no time is lost in getting cases to trial. It would, indeed, be unfair to diligent litigants to have a litigant who has negligently allowed his case to approach too close to the final deadline to come into court and plead this fact as an excuse to push diligent litigants out of their legitimate place in line for court hearing. Indeed, we have no means of knowing, under the facts in the case here at bar, how many other litigants were in the position of having their causes finally ready for trial just before their own time limitation was to run. We have no doubt that the trial judge in the case at bar understood and had all of these matters, as well as the details of the factual background, in mind.

██ "The question of whether or not it was feasible under the condition of the court's calendar at that time to have brought the matter to trial within the five-year period was one of fact for the trial court and 'Every intendment and presumption not inconsistent with the record must be indulged in to support the action of the trial court.' [Citation.] "

In *Stuart* v. *Hollywood Turf Club*, 146 Cal.App.2d 261, 263-

264 [303 P.2d 897], the court refers to the observation in *Bank of America* v. *Superior Court,* 84 Cal.App.2d 34, 37 [189 P.2d 799], that " 'It may be that if a plaintiff moves to set *well within the five years* and requests that the cause be set for trial before the expiration of that period a failure to so set the cause for trial might be an abuse of discretion and such period might be excluded on the theory' that it was 'practically impossible to proceed.' (Emphasis added.) It is apparent that the case at bar does not fall within the above dictum since plaintiff did not move for an immediate trial 'well within the five years.' " It was held that the period of time following the request for immediate trial should not be excluded from the computation of the statutory period, and that there was no abuse of discretion in denying plaintiff's motion for an immediate trial.

Petitioner argues without benefit of authority that the respondent court had the "duty" to set the case for trial before the running of the five-year period, or at least to set it for partial trial whereby one witness is sworn and the case continued to a mutually convenient time, and that it was an abuse of discretion to deny petitioner's motion. Ordinarily, mandamus is an appropriate remedy if there is a clear legal right to be enforced, or a clear legal duty to be performed. That is not the case here. The granting or denying of petitioner's motion rested in the sound discretion of the court. "In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered." (*Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 [169 P.2d 453].) The denial of petitioner's motion was well within the bounds of reason, all of the circumstances being considered.

Petitioner here prays for the issuance of a peremptory writ. Since the petition is before us on due notice, it is proper to issue or deny a peremptory writ in the first instance. (Code Civ. Proc., § 1088.)

The petition for a peremptory writ is denied.

Wood, P. J., and Lillie, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 6, 1966.