68 Cal.2d 802 (1968)
CLARICE P. WEEKS, Plaintiff and Appellant,
v.
NORMAN C. ROBERTS, Defendant and Respondent.
Supreme Court of California. 
July 1, 1968.
 Sidney Dorfman, Fulop, Rolston & Burns, Marvin G. Burns, Bertram L. Linz and Seymour Winston for Plaintiff and Appellant.
 Hillyer, Crake & Irwin, Roy M. Cleator, Paul, Hastings, Janofsky & Walker and Lee G. Paul for Defendant and Respondent.
 John D. Maharg, County Counsel, and Robert C. Lynch, Assistant County Counsel, as Amici Curiae on behalf of Defendant and Respondent. *804
 PETERS, J.
 Plaintiff Clarice P. Weeks appeals from a judgment of dismissal entered pursuant to section 583 of the Code of Civil Procedure for failure to bring an action to trial within five years from the date of filing.
 Plaintiff brought this action, as assignee for collection, to recover for legal services rendered to defendant Norman C. Roberts in the amount of $35,000. The complaint was filed and summons issued on January 31, 1961. Two and one-half years later, on August 8, 1963, defendant was served. Defendant answered within two weeks, and plaintiff filed a memorandum to set. Because plaintiff subsequently failed to file a certificate of readiness, the cause was dropped from the calendar in March 1965. On October 13, 1965, defendant served and filed interrogatories directed to plaintiff's assignor.
 With the bar of the five-year statute imminent, plaintiff moved on November 12, 1965, to set pretrial and trial prior to expiration on January 31, 1966. When the motion came on for hearing on November 23 plaintiff's assignor had failed to answer the interrogatories of October 13 and plaintiff had failed to file a memorandum to set and certificate of readiness as then required by the rules of court. The motion was denied.
 Plaintiff filed answers to defendant's interrogatories on December 13 and on December 22 filed a memorandum to set and a certificate of readiness. Pretrial was set for January 3, 1966, and plaintiff requested that trial be set prior to January 31.pretrial was conducted on January 5 by Judge Koenig, who set trial for January 28.
 On January 11 defendant filed a noticed motion for an order vacating the trial date. The motion was heard on January 21 by Judge Wright, who was then supervising the master calendar. Judge Wright found plaintiff's failure to allow sufficient time for ordinary setting inexcusable, vacated the trial date, and ordered the cause off calendar.
 On January 31 plaintiff filed a notice of motion to set for trial. On February 1 defendant filed a notice of motion to dismiss the case for lack of prosecution. Both motions were heard on February 10 by Judge Wright. Plaintiff's motion was denied and defendant's was granted. The court ruled: "This action was not brought to trial within five years after the Plaintiff filed her action and none of the exceptions for the tolling of said five-year period under the provisions of Section 583 of the Code of Civil Procedure is present and no other legal justification for failing to bring said action to trial exists." *805
 [1] Section 583, Code of Civil Procedure, provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, ..." The five-year statute is unequivocal; dismissal upon its expiration is mandatory unless trial has commenced or delay is excusable. (E.g., Tunis v. Superior Court, 59 Cal.2d 465, 466-467 [30 Cal.Rptr. 135, 380 P.2d 823]; Adams v. Superior Court, 52 Cal.2d 867, 870 [345 P.2d 466]; Pacific Greyhound Lines v. Superior Court, 28 Cal.2d 61, 63-64 [168 P.2d 665].) But a case may be brought to trial by merely impanelling a jury (Vecki v. Sorensen, 171 Cal.App.2d 390, 393 [340 P.2d 1020]) or calling one witness who testifies (City of Los Angeles v. Superior Court, 15 Cal.2d 16, 20-21 [98 P.2d 207]). And delay may be excused if the parties have stipulated to an extension of time in writing, if the defendant has been absent from or concealed within the state, or if it has been impossible or impracticable to proceed to trial. [fn. 1]
 [2] Section 583 also provides that the court may "dismiss any action for want of prosecution ... whenever plaintiff has failed for two years after action is filed to bring such action to trial, ..." The two- year statute limits the court's independent power to dismiss an action for want of prosecution at any time. (E.g., Steen v. City of Los Angeles, 31 Cal.2d 542, 546 [190 P.2d 937]; Raggio v. Southern Pac. Co., 181 Cal. 472, 475 [185 P. 171]; Tew v. Tew, 160 Cal.App.2d 141, 144 [324 P.2d 625]; Wisler v. California State Board of Accountancy, 136 Cal.App.2d 79, 81 [288 P.2d 322]; see Note, 54 A.L.R.2d 473; Note, 112 A.L.R. 1158; 16 Cal.Jur.2d, Dismissal *806 and Nonsuit, 25, pp. 227-228.) Dismissal after lapse of two years is discretionary, and will be disturbed only for clear abuse. (E.g., General Motors Corp. v. Superior Court, supra, 65 Cal.2d 88, 98; Pacific Greyhound Lines v. Superior Court, supra, 28 Cal.2d 61, 68; Fay v. Mundy, 246 Cal.App.2d 231, 235 [54 Cal.Rptr. 591].) But the power to dismiss should be used "in view of the facts of the entire situation," taking into account any unusual circumstances, and acting to promote substantial justice. (E.g., Daley v. County of Butte, 227 Cal.App.2d 380, 394 [38 Cal.Rptr. 693]; Ordway v. Arata, 150 Cal.App.2d 71, 75-79 [309 P.2d 919]; Jepsen v. Sherry, 99 Cal.App.2d 119, 120-121 [220 P.2d 819, 822].)
 Courts have analogized that a refusal to specially set a case to avoid the bar of section 583 is in most instances discretionary. (Governale v. Bethlehem Pac. Coast Steel Corp., 235 Cal.App.2d 837, 843 [45 Cal.Rptr. 707]; Stuart v. Hollywood Turf Club, 146 Cal.App.2d 261, 262 [303 P.2d 897]; 3 Witkin, Cal. Procedure (1954) Appeal, 19, p. 2162.) And it has been said that a court is normally not "limited to a consideration of the single fact that the five-year period [is] about to expire but [must] view the total picture, including the dilatory action of the plaintiff, the condition of the court's calendar, the rights of other litigants, and the prejudice to the defendants resulting from the delay. ... It is settled that 'the duty rests upon a plaintiff at each stage of the proceedings to use due diligence to expedite his case to a final determination.' " (Beswick v. Palo Verde Hospital Assn., 188 Cal.App.2d 254, 260 [10 Cal.Rptr. 314].)
 However, a trial court should not confuse and discredit the law by refusing to set a cause within the five-year period because it believes that a discretionary dismissal is warranted. "[C]ourts exist primarily to afford a forum for the settlement of litigable matters between disputing parties. Over a long and bitter history this peaceful method of adjudication has replaced other and primitive, and indeed physical, means of resolution. (Frank, Courts on Trial, Princeton University Press (1949) pp. 5-13.) To deny the forum upon the ground that one or the other party has sacrificed it because the procedure has itself been too slow does not appeal to a mature sense of justice. Only the most compelling reasons would support a surrender of this necessary and valued right of resolution for any such cause." (Vecki v. Sorensen, supra, 171 Cal.App.2d 390, 393.) The harshness upon plaintiffs who are seldom personally responsible for delays in our system of *807 representative litigation is manifest. (See Note, Involuntary Dismissal for Disobedience or Delay: The Plaintiff's Plight (1967) 34 U.Chi.L.Rev. 922.) Although preferential settings are undoubtedly the cause of increased delay for other litigants (see Zeisel, Kalven & Buchholz, Delay in the Court (1959) pp. 46-48), they are not an unusual phenomena because many actions are given priority by statute. (See Comment, California Preference Statutes (1952) 40 Cal.L.Rev. 288; rules 209, 219, 220, Cal. Rules of Court.) [3] If a court feels impelled to dismiss an action less than five years after its filing for want of prosecution, it should do so and accept review on that basis. It should not exercise its discretion to dismiss on the basis of inconvenience to the court and in the guise of a refusal to specially set. It is monstrous to foreclose a litigant's substantial rights because of the inconvenience incident to providing a courtroom. Fault and delay may be ground for dismissal; but court congestion is no reason to preempt one's day in court when there is a reasonable time to provide it.
 We have recently held that periods of 33, 58, and 104 days prior to the expiration of the statute were, when each of the causes had completed pretrial, reasonable times within which to commence trial, and that refusals to set for trial within such periods constituted abuses of discretion as a matter of law (Lee v. Superior Court, 2 Civ. 30841 (minute order of August 3, 1966) (33 days); Timineri v. Superior Court, L.A. 29561 (minute order of March 28, 1968) (58 days); Randall v. Superior Court, L.A. 29573 (minute order of June 5, 1968) (104 days).)
 The question of what would constitute a reasonable time for pretrial and trial is more difficult than the question of a reasonable time within which to provide a courtroom for commencement of trial where pretrial proceedings have been held, and we do not decide it here. [4] Judge Koenig's pretrial order in the instant case was not attacked except insofar as it set a trial date. When plaintiff moved for a special trial date, 40 days remained for trial. When the motion first came on for hearing, 28 days remained for trial. When a date was set, 26 days remained for trial. Without now determining a minimum, it would seem that 28 days is a reasonable time within which to provide facilities for a partial trial, that a refusal to set would have constituted an abuse of discretion, and that Judge Koenig acted properly in allowing a preferential setting. [5a] The order of Judge Wright of January 21, 1966, *808 vacating the trial date and ordering the cause off calendar was therefore improper. Judge Wright had discretion to dismiss, even on his own motion, but he did not do so. Instead, he chose to vacate without setting another date within the statute. This he did not have discretion to do.
 The conclusion that 28 days is a reasonable time within which to set a matter for trial which has been pretried does not conflict with prior cases. In Governale v. Bethlehem Pac. Coast Steel Corp., supra, 235 Cal.App.2d 837, Beswick v. Palo Verde Hospital Assn., supra, 188 Cal.App.2d 254, and Bass v. Braun, 178 Cal.App.2d 744 [3 Cal.Rptr. 212], periods of greater than 28 days were involved, but in each instance, the causes had not been pretried. [6] In General Ins. Co. v. Superior Court, 245 Cal.App.2d 366 [53 Cal.Rptr. 777], Stuart v. Hollywood Turf Club, supra, 146 Cal.App.2d 261 [303 P.2d 897]; and Legg v. United Benefit Life Ins. Co., 136 Cal.App.2d 894 [289 P.2d 553], periods of less than 28 days were involved. Although these cases may continue to control setting matters encompassing pretrial and trial for periods of less than 28 days, a preferred procedure would be to grant preferential dates expressly without prejudice to a motion to dismiss. (E.g., Geiger v. Aetna Ins. Co., 243 Cal.App.2d 235, 236-237 [52 Cal.Rptr. 212] (preference granted without prejudice to motion to dismiss, motion to dismiss subsequently granted and affirmed); Abner Corp., Inc. v. Lushing, 212 Cal.App.2d 597, 601 [28 Cal.Rptr. 207] (accord).)
 The final issue in this case is whether relief is precluded because the five-year statute has ostensibly expired. As early as Bank of America v. Superior Court, 84 Cal.App.2d 34, 37 [189 P.2d 799], it was suggested that "It may be that if a plaintiff moves to set well within the five years and requests that the cause be set for trial before the expiration of that period a failure to so set the cause for trial might be an abuse of discretion and such period might be excluded on the theory that it falls within the rule of those cases excluding periods where it is practically impossible to proceed." (Italics in the original.) Cases tolling the operation of section 583 because of "impracticability" or "futility" of bringing the cause to trial were extensively reviewed in General Motors Corp. v. Superior Court, supra, 65 Cal.2d 88, 93-96, where the court concluded that the concepts "resist comprehensive definition."
 [5b] In this case, Judge Wright's erroneous vacation of the trial date made trial literally impossible. (Cf. Woley v. Turkus, 51 Cal.2d 402, 409 [334 P.2d 12].) The statute should *809 therefore be tolled for the period during which this impediment existed--from January 21, 1966, until the remittitur is filed. When the remittitur is filed, there will remain 10 days in which to commence trial. Trial should be set to commence within those 10 days.
 The judgment is reversed, with directions to set this case for trial to commence within 10 days, and without prejudice to a motion to dismiss under the discretionary provisions of section 583 of the Code of Civil Procedure.
 Tobriner, J., Mosk, J., and Sullivan, J., concurred.
 BURKE, J.
 I dissent. Under the California Rules of Court (rule 223(a)) the control of the master trial calendar is under the supervision of the presiding judge or a judge designated for that purpose. In a metropolitan court of the magnitude of Los Angeles County this is an herculean task and it is vital to an efficient operation of the calendar that a reasonable discretion be vested in and exercised by the judge in control thereof. (See Bass v. Braun, 178 Cal.App.2d 744, 750 [3 Cal.Rptr. 212].)
 In this case the master calendar judge made findings that plaintiff's assignor, who was an experienced Los Angeles trial attorney, "did not act with due diligence to bring said action to trial." There is substantial evidence to support this finding. The judge also concluded that "none of the exceptions for the tolling of said five-year period ... is present and no other legal justification for failing to bring said action to trial exists." I believe the record justifies this conclusion. Finally, it must be borne in mind that "Every intendment and presumption not inconsistent with the record must be indulged in to support the action of the trial court." (Smith v. Wiget, 75 Cal.App.2d 591, 594 [171 P.2d 563], quoted with approval in Bass v. Braun, supra, p. 750.)
 I conclude that the master calendar judge did not abuse his discretion in granting defendant's motion to strike the case from the master civil calendar. It therefore follows that it was not error for him to dismiss the case.
 Traynor, C. J., and McComb, J., concurred.
NOTES
[fn. 1] 1. The reasons for liberal extensions of time under section 583 were explained in General Motors Corp. v. Superior Court, 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492], where the statute was compared with other statutes of limitation. "Both types of statutes promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. The statutes also protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time. However, section 583 would appear to involve policy considerations somewhat less crucial than those safeguarded by statutes of limitation. Once an action is filed and a defendant is served, he is then armed with notice of plaintiff's claim and may protect his interests by means which were generally unavailable to him before filing. For example, he may institute discovery processes ... may locate material witnesses ... and may move that a frivolous or sham action be dismissed."