[Civ. No. 33597.   Second Dist., Div. Four.   Oct. 16, 1968.]

C. W. DERRY et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; GOLDEN STATE BANK et al., Real Parties in Interest.

Joseph G. Hurley and Harvey A. Epstein for Petitioners.

John D. Maharg, County Counsel, and Jean Louise Webster, Deputy County Counsel, for Respondent.

Maurice H. Wallbert, Spray, Gould & Bowers and Edward J. Atkinson for Real Parties in Interest.

FILES, P. J.—This is an application for a writ of mandate to compel the superior court to vacate its order made under Code of Civil Procedure section 583 dismissing a civil action entitled C. W. Derry, et al., Plaintiffs vs. Golden State Bank, etc. et al., Defendants, No. NCC 1620 B.

The material facts will be stated, referring to the parties by their alignment in the superior court.

August 20, 1963. Plaintiffs commenced the action in the superior court. The case involved the financing of a used car business formerly conducted by plaintiffs. It was alleged that defendants had caused plaintiffs great financial loss through various transactions described in the complaint as breaches of contract, fraud, and other torts.

July 22, 1964. The superior court action was at issue.

May 19, 1967. Plaintiffs filed a memorandum to set and a certificate of readiness.

August 24, 1967. The pretrial hearing was continued to November 6, 1967, on which date the pretrial was held and the case was set down for trial on April 1, 1968.

March 27, 1968. The court on its own motion reset the trial for August 13, 1968.

August 13, 1968. At 9:30 a.m. the case was called in the civil master calendar department. Attorney Costanzo, representing certain defendants, asked for a short continuance upon the ground that he was engaged in another trial. Attorney Wallbert, representing other defendants, moved for a continuance upon the ground that some blanks in the transcript of the deposition of plaintiff Derry, taken August 13, 1965, had not been filled. Counsel advised the court that the case was a complicated one, and that a jury had been waived by all parties. The court said: ''We are badly overset every day between now and next Monday; in fact, commencing next Monday we have twenty judges going to a judges' institute. Our total strength is down to fifty judges the last two weeks of this month. In the civil departments we are going to have to maybe take ten or twelve criminal cases a day. How we can get you gentlemen out I don't know.''

Attorney Wallbert responded: ''Your Honor, I will say this. I would like to examine the deposition when it is completed. If it is indicated that we want further discovery, I will make a motion addressed to the discretion of the Court for dismissal based upon the inherent power of the Court to dismiss.''

This matter was then put over until later in the morning.

At 10:45 a.m. the case was called again. Mr. Wallbert made on oral motion to dismiss upon the ground that plaintiffs had not prosecuted the action with diligence. There followed a colloquy in which Mr. Wallbert talked about the history of the case, and Mr. Epstein, representing plaintiffs, explained why the blanks in the deposition had not been filled and told of the difficulties which he had had to overcome in preparing for trial. Mr. Epstein stated that plaintiffs were ready to go to trial.

The court then announced: "It appearing to the Court in this matter that this case has not been prosecuted with diligence, the Court on its own motion will dismiss the action under 583."

A formal order of dismissal was signed and filed the same day.

■ Since the dismissal was ordered less than five years after the commencement of the action, the court's reference to section 583 of the Code of Civil Procedure can only mean that the court was acting under that portion of the section which reads: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ."

When a court is empowered to exercise its discretion it must have before it some pertinent information as a basis for its decision. ■ Section 583, by its language, indicates that ordinarily the party seeking a dismissal will give a notice of motion which, under Code of Civil Procedure section 1010, will state grounds and incorporate affidavits or other papers which will supply a factual basis for the relief sought. Since the motion is to be heard on notice, the opposing party will have the opportunity to make any counter-showing, factual or legal, which will militate against the granting of the motion.

■ In the case at bench the motion was made orally, without any advance notice, unsupported by any facts except whatever the court could derive from an inspection of the clerk's file. The moving attorney, Mr. Wallbert, gave the court an oral description of some difficulties the parties had had over a deposition, none of which appeared in any papers then before the court. The deposition, which Mr. Wallbert claimed was incomplete, was not on file. Plaintiffs' attorney disputed Mr. Wallbert's assertions, and offered his own explanation of matters which were wholly outside the knowledge of the court. This impromptu colloquy with counsel

offered no basis for a sound exercise of the judicial discretion contemplated by the first sentence of section 583. Whether or not plaintiffs had used reasonable diligence to bring the case to trial could be determined only upon information which was not before the court.

Defendants have attached to their answers here some declarations and copies of letters, from which they ask this court to find that plaintiffs failed to use due diligence in the trial court. Such evidence is of no avail here. Section 583 confers discretion upon the trial court, not the Court of Appeal. The showing which defendants attempt here was not offered in the superior court.

Defendants point to some language in *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361] which they suggest as the basis of the trial court's summary action. In the *Weeks* case the plaintiff sought a preferential trial setting just before his case became subject to dismissal under the mandatory five-year limitation of section 583, but because of plaintiff's delay in requesting a trial setting, the superior court refused to allow the case to be tried within the five-year period. In reversing the judgment of dismissal the Supreme Court said (at pp. 807-808): If a court feels impelled to dismiss an action less than five years after its filing for want of prosecution, it should do so and accept review on that basis. It should not exercise its discretion to dismiss on the basis of inconvenience to the court and in the guise of a refusal to specially set. It is monstrous to foreclose a litigant's substantial rights because of the inconvenience incident to providing a courtroom. Fault and delay may be ground for dismissal; but court congestion is no reason to preempt one's day in court when there is a reasonable time to provide it.

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .

"The order of Judge Wright of January 21, 1966, vacating the trial date and ordering the cause off calendar was therefore improper. Judge Wright had discretion to dismiss, even on his own motion, but he did not do so. Instead, he chose to vacate without setting another date within the statute. This he did not have discretion to do."

It is defendants' theory that the statement that "Judge Wright had discretion to dismiss, even on his own motion, . . ." authorizes the action taken here.

In the *Weeks* case the plaintiff had on November 12, 1965, made a motion for a special trial setting which was heard and

denied and later granted. Then defendant had made a noticed motion for an order vacating the trial date, which was granted over plaintiff's opposition on January 21, 1966. All of those motions raised the question whether plaintiff had been diligent in bringing the case to trial. Thus although no formal motion to dismiss had been set for January 21, 1966, the parties were on that day before the court contesting the issue of unreasonable delay, and each had had the opportunity to present such evidence and argument as were pertinent to that issue. A fair hearing on the question of dismissal might have been had under those circumstances.

█ In the case at bench it does not appear that plaintiffs had any advance notice that they would be called upon to explain why they had not tried the case earlier. When they appeared for trial they were surprised with an oral motion based only upon assertions of counsel as to matters which the plaintiffs disputed. A judgment supported by no more than that is a denial of due process.

Let a peremptory writ of mandate issue requiring the respondent court to vacate its order of dismissal and reset the action for trial, but without prejudice to a properly noticed motion to dismiss the action under the discretionary power of the superior court.

Jefferson, J., and Kingsley, J., concurred.

Petitions for a rehearing were denied October 31, and November 4, 1968 and the petitions of the real parties in interest for a hearing by the Supreme Court were denied December 11, 1968.