Filed 8/17/20  Bistline v. Federal Home Loan etc. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KRISTINE ANN BISTLINE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> FEDERAL HOME LOAN MORTGAGE CORPORATION, et al. <br><br> Defendants and Respondents. | B293389 <br><br> (Los Angeles County Super. Ct. No. MC027909) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Randolph Rogers, Judge.  Dismissed in part, reversed in part and remanded.

Law Office of Richard L. Antognini and Richard L. Antognini; Law Offices of Andrew Jay Kulick and Andrew Jay Kulick for Plaintiff and Appellant.

Wolfe & Wyman and Kelly Andrew Beall for Defendants and Respondents.

————————

Plaintiff and appellant Kristine Ann Bistline (Bistline) appeals a judgment dismissing her action against defendants and respondents Federal Home Loan Mortgage Corporation (FHLMC) and Ditech Financial, LLC (Ditech) (collectively, Defendants) pursuant to the grant of their motion to dismiss or stay her action for *forum non conveniens*.

The trial court dismissed the action on the ground that "the instant litigation is barred by res judicata, pursuant to the entry of dismissal with prejudice" of a case that Bistline had brought in federal court. However, Defendants had not sought dismissal of the instant case on the basis of res judicata—their motion urged that a suitable alternative forum existed in federal court, and private and public factors weighed in favor of the alternative forum.

We conclude the trial court erred in raising the affirmative defense of res judicata on its own motion, and in dismissing Bistline's action on a ground that had not been raised in the moving papers. Therefore, the judgment dismissing Bistline's action is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The prior superior court action, which was removed to federal court and then dismissed.*

On May 16, 2016, Bistline filed suit in the Los Angeles Superior Court (L.A. Super. Ct. No. BC620568) (hereafter, *Bistline v. Chase*) against various defendants, including JPMorgan Chase Bank (Chase) and Ditech, alleging, inter alia,

2

that Ditech's threatened foreclosure of her Lancaster residence (the subject property) was improper due to void assignments of the deed of trust. Bistline pled that FHLMC (not named as a defendant in that action) owned the loan and that Ditech was the loan servicer. The complaint asserted various causes of action against Ditech, including statutory violations, cancellation of instruments, quiet title, slander of title, and sought damages as well as declaratory and injunctive relief.

On June 24, 2016, *Bistline v. Chase* was removed to the United States District Court for the Central District of California. On September 6, 2016, the district court dismissed certain claims by Bistline and granted her leave to amend.

Thereafter, Bistline filed a first amended complaint in *Bistline v. Chase*, alleging that the threatened foreclosure of the subject property was improper due to void assignments of her deed of trust. She also alleged that the assignments were recorded in violation of consent orders entered against codefendant Ocwen Loan Servicing, LLC (Ocwen) and a stipulated judgment against Ditech.

On November 28, 2016, the district court granted Ditech's motion to dismiss Bistline's first amended complaint in its entirety without leave to amend. The court ruled, inter alia, that because Ditech did not record the deed of trust, it could not be held liable under Civil Code section 2924.17, which prohibits the recording or filing of false documents, and that Bistline lacked standing to challenge the validity of the assignments.

On April 6, 2017, Bistline appealed the dismissal to the Ninth Circuit Court of Appeals.

3

On October 18, 2019 (during the pendency of the instant appeal), the Ninth Circuit affirmed the district court's judgment of dismissal.

2. *The instant action.*

On April 19, 2018, during the pendency of the appeal to the Ninth Circuit, Bistline filed the instant lawsuit in the Los Angeles Superior Court, *Bistline v. Ditech, et al.*, against Ditech and FHLMC. Bistline pled, inter alia, that on November 22, 2016, while her home loan modification application was pending, FHLMC conducted an illegal trustee's sale of her property, and thereafter she "received a notice posted to her garage informing her that 'all occupants' must vacate the premises, since [FHLMC] own[ed] her home." The complaint alleged causes of action for fraud, negligence, and wrongful foreclosure, and sought injunctive relief as well as damages.[1]

On June 22, 2018, FHLMC and Ditech filed a motion to dismiss or stay the action on the ground of *forum non conveniens*, supported by a request for judicial notice. The movants did not move for dismissal on the basis of res judicata, and did not argue that the instant action was barred by the district court's decision in *Bistline v. Chase*.

The moving papers simply asserted there was another action pending between the parties on the same claims in federal

---

[1]     The first four causes of action of the complaint sought injunctive relief against both Ditech and FHLMC. The fifth cause of action, also for injunctive relief, was directed solely at FHLMC. The sixth and seventh causes of action alleged fraud and negligence against Ditech. The eighth cause of action alleged a claim for negligence against both Ditech and FHLMC. The ninth cause of action, wrongful foreclosure, was solely against FHLMC.

4

court, i.e., *Bistline v. Chase*, and therefore the proper procedure was a motion to dismiss or stay the instant action on the grounds of *forum non conveniens*. The moving papers argued that "the Ninth Circuit clearly provides a suitable forum" because Bistline and Ditech were parties to *Bistline v. Chase* and that action was still pending. The movants further contended that both private and public factors weighed in favor of the alternative forum: litigating the entire matter in federal court would be quicker and more cost-effective for the parties, and would also relieve the burden on the state court.

In opposing the motion to dismiss or stay the action, Bistline argued there was no merit to the movants' contention that the Ninth Circuit was a suitable forum to litigate her claims because the federal appellate courts are courts of limited jurisdiction, and her current complaint in the superior court "does not fall within the definition of what is a final decision which the appellate court can rule on."

In their reply papers, Defendants argued that "if the Ninth Circuit overrules the dismissal and remands the case back to the United States District Court, Plaintiff will have an adequate forum to litigate any and all issues arising from the foreclosure of the Subject Property."

On September 11, 2018, the matter came on for hearing. The trial court's tentative ruling was to dismiss the action based on res judicata. Because Defendants had not moved for dismissal on the basis of res judicata, it appears that theory was raised by the trial court sua sponte, and that Bistline had no notice of the prospect of dismissal on the basis of res judicata until the trial court issued its tentative ruling. At the hearing, Bistline's counsel objected to the trial court having raised the issue of res

5

judicata on its own motion, and counsel asserted that res judicata "is an argument that can be waived by . . . parties to the case." The trial court disagreed and adopted its tentative ruling as the final decision in the matter.

The trial court's order after hearing states: "The instant litigation is dismissed without prejudice to Plaintiff pursuing [her] claims in Federal Court, as the instant litigation is barred by res judicata, pursuant to the entry of dismissal with prejudice in Federal Case [*Bistline v. Chase*] on November 28, 2016, which dismissal is currently on appeal to the Ninth Circuit Court of Appeals. See, e.g. *Calhoun v. Franchise Tax Board* (1978) 20 Cal.3d 881, 887 ('A federal judgment is as final in California courts as it would be in federal courts. . . . We need not now decide questions that may arise if plaintiffs are successful in their Ninth Circuit appeal.')."[2]

On October 12, 2018, Bistline filed a timely notice of appeal from the judgment of dismissal that was entered on October 2, 2018.[3]

---

[2] Also pending before the trial court were Defendants' demurrer as well as their motion to strike Bistline's punitive damages allegations, which were not ruled on due to the trial court's grant of the motion to dismiss.

[3] The judgment is appealable. " '[C]laims that are dismissed without prejudice are no less final for purposes of the one final judgment rule than are adjudicated claims . . . .' [Citation.]" (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1104.)

3. *Subsequent proceedings.*

On October 18, 2018, shortly after the trial court dismissed the instant action, Bistline filed a new action in the district court against Ditech and FHLMC. The latest complaint included causes of action for injunctive relief, fraud, negligence, and wrongful foreclosure, and asserted that Ditech improperly foreclosed on Bistline's residence while her application for a loan modification was pending.[4]

On March 4, 2019, Ditech filed a notice of bankruptcy filing and imposition of automatic stay. This court stayed Bistline's appeal pending determination of the proceedings before the bankruptcy court. Thereafter, this court lifted the appellate stay as to respondent FHLMC. Subsequently, after notice from the parties that the bankruptcy stay did not preclude Bistline from proceeding with her equitable claims against Ditech in state court, we partially lifted the appellate stay as to respondent Ditech, allowing Bistline to challenge the dismissal of her

---

[4] The instant appeal from the judgment of dismissal, which was without prejudice to Bistline pursuing her remedies in federal court, is not mooted by the new action that she filed in the district court on October 18, 2018. As Bistline has argued, if this court were to dismiss the instant appeal as moot, the defendants in the new district court action may cite the trial court's res judicata ruling herein to argue that the new action is barred by res judicata. Moreover, Bistline is entitled to litigate her claims in an appropriate forum of her choosing. Therefore, the instant appeal is not mooted by the filing of the new action in the district court.

7

equitable claims against Ditech (i.e., the first four causes of action seeking injunctive relief).[5]

## CONTENTIONS

Bistline contends: ordinarily a decision on a motion to stay or dismiss an action for *forum non conveniens* is reviewed for an abuse of discretion, but here, the trial court's decision granting Defendants' motion due to the bar of res judicata presents a question of law to be reviewed de novo; res judicata is the only issue in this appeal because the trial court did not consider the factors that govern a *forum non conveniens* analysis; and res judicata does not bar the instant action, *Bistline v. Ditech*, because it involves different allegations and a different defendant than *Bistline v. Chase*.

---

[5] With respect to the balance of the complaint, the fifth and ninth causes of action were not directed at Ditech. As for the sixth, seventh, and eighth causes of action, wherein Bistline sought monetary damages on her claims against Ditech for fraud and negligence, the parties recognize that Bistline is permanently enjoined by the bankruptcy plan that was approved on September 26, 2019, from proceeding on those claims. Therefore, insofar as Bistline's appeal challenges the dismissal of her sixth, seventh, and eighth causes of action against Ditech, that portion of the appeal must be dismissed.

## DISCUSSION

1. *Governing principles.*

   a. *A motion to dismiss or stay an action based on the* forum non conveniens *doctrine.*

   Defendants' motion that led to the trial court's dismissal was a motion to stay or dismiss Bistline's action on the ground of *forum non conveniens.* (Code Civ. Proc., § 410.30, subd. (a).)[6] Such a motion is subject to the two-part analysis set forth in *Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744 (*Stangvik*).

   "In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the

---

[6]     Code of Civil Procedure section 410.30 states in relevant part at subdivision (a) that "[w]hen a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

9

alternate jurisdiction in the litigation.  [Citations.]"  (*Stangvik, supra*, 54 Cal.3d at p. 751.)

The ultimate question is whether the balancing of the *Stangvik* factors shows that California is an inconvenient forum.  (*Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1464 (*Morris*).)  The defendant, as the moving party, bears the burden of proof.  (*Stangvik, supra*, 54 Cal.3d at p. 751.)

"The trial court's first determination, whether there is a suitable alternative forum, is a nondiscretionary legal question subject to de novo review.  [Citations.]  The second determination, the weighing of private and public factors, is discretionary and subject to review only for an abuse of discretion—and we must accord substantial deference to the trial court's balancing of the factors.  [Citations.]"  (*Morris, supra*, 144 Cal.App.4th at p. 1464.)

b.  *Res judicata principles.*

" 'Res judicata' describes the preclusive effect of a final judgment on the merits.  Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them."  (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896–897 (*Mycogen*).)  Three elements must exist for res judicata to apply: " '(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding.' "  (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 226.)

The applicability of the doctrine of res judicata is a question of law for this court's de novo review.  (*Association of Irritated*

*Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1218.)

2. *The trial court erred in granting the motion to dismiss or stay the action for* forum non conveniens *on the basis of res judicata, because Defendants did not move for dismissal on that basis, and because the issue of res judicata is outside the scope of a* forum non conveniens *motion.*

As indicated, the trial court granted the motion to dismiss or stay the instant action for *forum non conveniens* on the ground the action is barred by res judicata—a ground that had not been specified in Defendants' notice of motion and that had not been briefed, and on that basis dismissed the action without prejudice to Bistline pursuing her remedies in federal court. The trial court's ruling was clearly erroneous.

A "basic tenet of motion practice is that the notice of motion must state the grounds for the order being sought (Code Civ. Proc., § 1010; Cal. Rules of Court, rule 3.1110(a)), and courts generally may consider only the grounds stated in the notice of motion. [Citation.] . . . . [¶] The purpose of the notice requirements 'is to cause the moving party to sufficiently define the issues for the information and attention of the adverse party and the court." ' [Citations.] Sometimes this purpose is met notwithstanding deficient notice. For example, it may be sufficient that the supporting papers contain the grounds for the relief sought, even if the notice does not. [Citations.] It also may be sufficient if the omitted issue, or ground for relief, was raised without objection before the trial court. [Citation.]" (*Kinda v. Carpenter* (2016) 247 Cal.App.4th 1268, 1277.)

Here, however, as conceded at page 15 of the respondents' brief on appeal, "res judicata *was not raised below* in

11

[Defendants'] Motion to Dismiss/Stay because the [federal court] entered judgment after briefing, but before the trial court ruled on the [instant] Motion.[7]  Regardless, [Defendants contend] this Court may affirm dismissal based on res judicata."  (Italics ours, original italics omitted.)

Thus, the record reflects that res judicata was raised by the trial court sua sponte, and Bistline had no notice of the prospect of dismissal on that basis until the trial court issued its tentative ruling.  At the hearing on the matter, Bistline's counsel duly objected to the trial court's having raised the issue of res judicata on its own motion, and her counsel further stated that res judicata "is an argument that can be waived by . . . parties to the case."  The trial court nonetheless adopted its tentative ruling as its final decision in the matter.

We conclude the trial court erred in granting the motion to dismiss on the basis of res judicata, without giving Bistline the opportunity to brief the issue.  The trial court's grant of the motion to dismiss on a ground that had not been raised by Defendants in their notice of motion contravened basic tenets of law and motion practice (Code Civ. Proc., § 1010; Cal. Rules of Court, rule 3.1110(a)), as well as Bistline's right to notice, which is an element of due process.  (*Derry v. Superior Court* (1968) 266 Cal.App.2d 556, 558–561 [oral motion to dismiss, not in

---

**7**      Submission of this matter was deferred to enable the parties to file supplemental letter briefs after oral argument, which this court then considered.  In their supplemental letter brief filed June 26, 2020, Defendants cite page 581 of the Appellant's Appendix to support a new assertion that Defendants did in fact raise the issue of res judicata in their motion below.  The cited page does not support that assertion.

12

compliance with Code Civ. Proc., § 1010, violated plaintiff's right to due process].)

The trial court further erred in raising the issue of res judicata on its own motion because, as Bistline's counsel argued below, "res judicata can be waived if not asserted as an affirmative defense." (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1526.) Res judicata was not the theory on which Defendants moved for *forum non conveniens*. Thus, it was error for the trial court to inject that issue into the proceeding.

Apart from the fact that Defendants' motion did not invoke the affirmative defense of res judicata, res judicata is not an issue within the scope of a motion to dismiss or stay for *forum non conveniens*. The doctrine of res judicata bars an action from being *relitigated* (*Mycogen, supra*, 28 Cal.4th at pp. 896–897), while *forum non conveniens* is an equitable doctrine invoking the discretionary power of a court to decline to exercise its jurisdiction over a cause of action when it determines the action may be more appropriately litigated *elsewhere*. (*Stangvik, supra*, 54 Cal.3d at p. 751.) As set forth above, in deciding whether to grant a motion based on *forum non conveniens*, the trial court examines whether the alternate forum is a suitable place for trial, and if it is, the trial court considers the private interests of the litigants and the interests of the public in retaining the action for trial in California. (*Ibid*.) Therefore, the trial court's order dismissing the action for *forum non conveniens* cannot be upheld on the theory that the instant action is barred by res judicata.

In an attempt to uphold the judgment, Defendants also resort to the settled principle that a decision correct on any theory will be affirmed on appeal, even though the trial court's

13

decision may have been based on an erroneous rationale.  (See, e.g., *Davey v. Southern Pac. Co.* (1897) 116 Cal. 325, 329–330 (*Davey*); *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18–19 (*D'Amico*).)  We are not persuaded.  As discussed, the affirmative defense of res judicata is not within the scope of a motion to dismiss or stay an action for *forum non conveniens*, and the trial court's analysis simply conflated the issues of res judicata and *forum non conveniens*.  The trial court granted Defendants' motion to dismiss or stay the action for *forum non conveniens*, by dismissing Bistline's action "*without prejudice* to Plaintiff pursuing [her] claims in Federal Court."  (Italics added.)  The trial court did so on the ground that "the instant litigation is barred by res judicata."  The trial court's decision is untenable.  Assuming arguendo that Bistline's claims are barred by res judicata, a conclusion we do not reach, the trial court logically should have dismissed Bistline's action *with prejudice*.  Therefore, the judgment dismissing the action without prejudice, to enable Bistline to pursue her claims in federal court, cannot be affirmed on the theory that the action is barred by res judicata.  Accordingly, this is not a case in which a judgment that is correct in result may be affirmed on appeal, "regardless of the considerations which may have moved the trial court to its conclusion."  (*Davey*, *supra*, 116 Cal. at p. 329; accord, *D'Amico*, *supra*, 11 Cal.3d at p. 19.)

3. *Respondents' arguments regarding* forum non conveniens *are not properly before this court because the issue of* forum non conveniens *must be decided by the trial court in the first instance.*

Alternatively, respondents contend this court should affirm the dismissal of Bistline's action based on *forum non conveniens* because the trial court properly evaluated the relevant factors, it correctly found that the district court is a suitable forum, and both private factors and public factors justified dismissal of the instant action.

The argument is meritless because it is clear from the record that the trial court did not conduct a *forum non conveniens* analysis, did not exercise its discretion, and simply dismissed the action on the ground that it is barred by res judicata. We will not presume the trial court engaged in the exercise of its discretion under Code of Civil Procedure section 410.30 in light of a record that clearly demonstrates the trial court did not exercise its discretion in the matter. (See *People v. Lettice* (2013) 221 Cal.App.4th 139, 152.) "Since the trial court's comments . . . indicate that the trial court did not exercise its discretion, we cannot presume that it did." (*Posey v. Leavitt* (1991) 229 Cal.App.3d 1236, 1249.)

We decline to usurp the discretion of the trial court by ruling on the motion for *forum non conveniens* in the first instance. Therefore, we reverse the judgment of dismissal and remand the matter. On remand, Defendants may re-notice their motion to dismiss or stay the action based on *forum non conveniens*, if they choose to do so. Further, Defendants are not precluded on remand from re-noticing their demurrer or motion to strike, or from bringing a motion for judgment on the

15

pleadings or other appropriate motion asserting res judicata or other defenses relating to the prior or pending federal court actions.

## DISPOSITION

Insofar as Bistline's appeal challenges the dismissal of her sixth, seventh, and eighth causes of action against Ditech for monetary damages, that portion of the appeal is dismissed.  (See fn. 5, *ante*.)  In all other respects, the judgment of dismissal is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.  Bistline shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



LAVIN, J.



EGERTON, J.


16