Filed 11/4/13

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GLEN THEODORE LETTICE,<br><br>    Defendant and Appellant. | D062445<br><br>(Super. Ct. No. SCN274849) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel P. Goldstein, Judge. Reversed and remanded with directions.

Law Office of Michael Perry Goldstein and Michael Perry Goldstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Steve Oetting and Andrew Scott Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

California law provides that after a defendant has entered a plea to an information, the People must "obtain court approval" prior to filing an amended information alleging previously uncharged prior felony convictions. (*People v. Valladoli* (1996) 13 Cal.4th 590, 606, fn. 3 (*Valladoli*); see Pen. Code, § 969a[1] ["if such amendment is made it shall be made *upon order of the court*" (italics added)].)[2] "[A] court, in its discretion, may choose to *deny* permission to amend." (*Valladoli*, *supra*, at p. 606, fn. 3 (italics added).) Further, in order to ensure that "the due process rights of criminal defendants are adequately protected" (*id.* at p. 607), a trial court that is considering whether to permit a post-plea amendment should consider several factors, including: the reason for the late amendment, whether the defendant is surprised by the attempted amendment, and whether the prosecution's initial failure to allege the prior convictions affected the defendant's decisions with respect to plea bargaining. (*Id.* at p. 608.)

In the original information that was filed in this case, the People charged Glenn Theodore Lettice with three violations of the Vehicle Code. The information also contained several enhancement and prior felony conviction allegations. Lettice pled

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Penal Code.

[2]     *Prior* to the defendant's entry of a plea to the original accusatory pleading, the People may file an amended complaint *without* leave of court. (See § 1009 ["an amended complaint may be filed by the prosecuting attorney, without leave of court at any time before the defendant pleads or a demurrer to the original pleading is sustained"].)

guilty to one count of driving with a blood alcohol level of .08 percent causing bodily injury (Veh. Code, § 23153, subd. (b)), admitted certain enhancement allegations, and also admitted having suffered a prison prior and a single prior strike conviction. Lettice entered his guilty plea pursuant to a written plea agreement that provided that the maximum punishment that he could receive as a result of his plea was 14 years, but that the trial court had indicated that it would impose a sentence of eight years in prison. As part of the plea agreement, the People agreed to dismiss the balance of the charges and enhancement allegations in the information.

On the day set for sentencing, the trial court began the hearing by announcing, "There is an amended information." The court explained, "[T]he People believe that the defendant has a strike prior from New Jersey in 1976." The amended information added a fourth count charging an additional Vehicle Code violation, and alleged that Lettice had suffered *two* prior strike convictions. Later during the hearing, the People made an oral motion to withdraw from the plea agreement. The trial court stated that it would defer ruling on the motion because it wanted to "hear from both sides," since, according to the court, "there may be an issue of notice." The court also stated that it wanted to "make sure there's no estoppel here and there's no jeopardy." The trial court added that if the People were going to seek to withdraw their assent to the plea agreement, they would be required to "file papers," and expressed its view that defense counsel had "a decent argument . . . about notice . . . that really needs to be considered." The court ended the hearing by stating, "[T]here's a difference between withdrawing the plea or demanding to withdraw the plea and a statutory right to add the strike after the plea." At a subsequent

3

hearing, Lettice pled guilty to the amended information and the trial court sentenced him to a stipulated sentence of 14 years in prison.

On appeal, Lettice claims that the People failed to obtain court approval prior to filing the amended information.[3] In support of this claim, Lettice argues that the record demonstrates that the trial court was unaware that it was within the court's discretion whether to permit the filing of the amended information. We conclude that the record indicates that the trial court was not aware that it was within the court's discretion whether to permit the filing of the amended information, and that the court did not exercise its discretion with respect to the matter. We further conclude that reversal is required because there is a reasonable probability that the court would have exercised its discretion to deny leave to amend. We reverse and remand to permit the trial court to exercise its discretion.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *The original complaint, the amended complaint, and the original information*

In April 2010, the People filed a four-count complaint charging Lettice with driving under the influence causing bodily injury (Veh. Code, § 23153, subd. (a)) (count 1), driving with a blood alcohol level of .08 percent causing bodily injury (Veh. Code, § 23153, subd. (b)) (count 2), leaving the scene of an accident involving an injury (Veh.

---

3    In his opening brief, Lettice also raised a claim pertaining to the sufficiency of the evidence pertaining to a victim restitution order entered in the trial court. However, Lettice expressly withdrew that claim in his reply brief.

Code, § 20001, subd. (a)) (count 3), and driving with a suspended license (Veh. Code, § 14601.2, subd. (a)) (count 4). As to counts 1 and 2, the People alleged that Lettice had caused bodily injury to more than one victim (Veh. Code, § 23558) and that he had suffered a conviction for driving under the influence within the previous 10 years (Veh. Code, §§ 23626, 23540.) The People also alleged that Lettice had suffered a prison prior (§ 667.5, subd. (b)) stemming from a 2008 conviction, and a strike prior (§§ 667, subds. (b)-(i), 1170.12) based on a 1986 conviction.

In June 2010, the People amended the complaint to add great bodily injury enhancement allegations (§ 12022.7, subd. (a)) with respect to counts 1 and 2. The People also deleted count 3, which had charged Lettice with leaving the scene of an accident involving an injury. In August 2010, the trial court conducted a preliminary hearing and held Lettice to answer on all remaining counts and allegations. The following month, the trial court arraigned Lettice on an information that contained the same counts and allegations as the July 2010 amended complaint. Lettice pled not guilty to all counts and denied all allegations.

B.    *The first plea agreement and Lettice's first guilty plea*

On February 17, 2011, Lettice entered into a plea agreement pursuant to which he agreed to plead guilty to one count of driving with a blood alcohol level of .08 percent causing bodily injury (Veh. Code, § 23153, subd. (b)) (count 2). Lettice also agreed to admit to a multiple victim enhancement allegation (Veh. Code, § 23558) and two great bodily injury enhancement allegations (§ 12022.7, subd. (a)). In addition, Lettice agreed to admit that he had suffered a prison prior (§ 667.5, subd. (b)) and a strike prior (§§ 667,

5

subds. (b)-(i), 1170.12). The plea agreement further provided that the trial court had indicated that it would impose a sentence of eight years in prison. Although the change of plea form states, "No [d]eals [with the] People," the agreement also states "dismiss balance" and is signed by the prosecutor. The change of plea form states that Lettice was aware that he could receive a maximum sentence of 14 years in prison as a result of his plea. That same day, the trial court held a hearing, accepted Lettice's guilty plea, and, upon the People's motion, dismissed the balance of the charges against Lettice.

C.      *The amended information and related proceedings*

On May 3, 2011, the date set for sentencing, the trial court began the hearing by stating the following:

> "Okay. There is an amended information. We've talked about this in chambers. It appears the People believe that the defendant has a strike prior from New Jersey in 1976."

In addition to the counts and allegations contained in the original information, the amended information added one count of leaving the scene of an accident involving an injury (Veh. Code, § 20001, subd. (a)) (count 4)[4] and alleged an additional strike prior (§§ 667, subds. (b)-(i), 1170.12) that had not previously been charged, premised on a 1976 New Jersey armed robbery juvenile adjudication.

After noting the fact that there was an amended information, the court stated, "For any reviewing court[,] this is post-plea that this was discovered. I believe, Mr. [Prosecutor], . . . that this was discovered by you actually by reading the probation

---

4       As noted previously, in the original complaint, the People charged Lettice with one count of leaving the scene of an accident involving an injury.

report."  After the prosecutor responded in the affirmative, the court asked defense

counsel whether she was willing to have the court arraign Lettice on the amended

information.  Defense counsel objected and requested that the arraignment take place at a

later date.

The prosecutor argued that Lettice should be arraigned that same day, stating, "I

don't see any basis to delay."  The prosecutor continued, "I can show counsel and the

court the prior that I dug up this morning.  And it appears to be that we have enough here

to prove the armed robbery prior."

The court interjected:

> "Yeah, I don't doubt that.  As a matter of fact as you both talked to
> me in chambers[, the prior conviction] was on the pre-trial services
> report.[5]  It doesn't list it as a strike, but it lists the offense.  And
> looking at the offense one would conclude or could reasonably
> assume that it is a strike.
>
> "So what I can do, Ms. [Defense Counsel], is allow you leave . . . to
> demur.  But I'm going to request that you arraign [*sic*] your client."

Defense counsel responded:

> "Yes, your honor.  We have a copy of the amended information. . . .
> We . . . enter a plea of not guilty, deny any and all allegations."

The trial court then stated the following:

> "All right. That plea and denial as to—really the only additional
> issue we're talking about here, or the amendment, is robbery while
> armed, labeled as the 'first strike prior.'  The defendant had admitted
> the second strike prior already . . . .

---

5       The record contains a document dated March 2010 pertaining to Lettice entitled
"San Diego County Superior Court Pretrial Services." In a section of the document
entitled "Felony Convictions" the document states "Aggrav Asslt/Robbery ('76) - NJ."

"The defendant had already pled to the substantive charge with the People dismissing [the balance of the charges], but since, again, the defendant was [not yet] sentenced, at this point I'm going to accept the plea of not guilty as to the amended allegation."

At this point, the People moved to withdraw their assent to the prior plea agreement. The court stated that it would defer ruling on the People's motion because there were issues that had to be "address[ed]" including whether the People should be estopped from withdrawing from the plea agreement, and whether Lettice had been provided proper notice of the charges and allegations contained in the amended information.

The court proceeded to set a readiness hearing for May 12, and advised Lettice that he had a right to a speedy trial within 60 days "on all substantive charges assuming the People's motion is granted." After obtaining Lettice's waiver of that right, the court set a tentative trial date in August 2011.

Just prior to the conclusion of the hearing, the prosecutor asked whether he should file a motion to withdraw from the plea agreement by May 12. The following colloquy followed:

> "The court: Yeah . . . if the way you want to proceed is to completely withdraw this plea, then, yeah, . . . you have to file papers. But I really want you all to consider whether you can do it, not just, you know, gut decision, boom, I want to withdraw the plea. [¶] I mean [defense counsel] has a decent argument here about notice that I think really needs to be considered.
>
> "[The prosecutor]: Okay.
>
> "The court: There's a difference—just so any reviewing court is clear, there's a difference between withdrawing the plea or

8

demanding to withdraw the plea and a statutory right to add the strike after the plea."

On May 12, the court continued the readiness hearing date to May 16. On May 16, a retained attorney appeared on Lettice's behalf and the court again continued the readiness hearing.[6] The May 16 minute order states, "The People's offer of 14 years is good through today. After today it is revoked."

D.     *The second plea agreement and Lettice's second guilty plea*

On May 24, Lettice entered into a new plea agreement pursuant to which he agreed to plead guilty to the same charge, injury allegations, and prison and strike prior allegations as contained in the February 17 plea agreement, in exchange for a stipulated sentence of 14 years in prison. That same day, the trial court accepted Lettice's guilty plea, and, on the People's motion, dismissed the balance of the charges against Lettice, including the second strike prior allegation premised on the 1976 juvenile adjudication.

In July 2011, the trial court sentenced Lettice to the stipulated term of 14 years in prison, consisting of the upper term of three years on count 2[7] (Veh. Code, § 23153, subd. (b)), doubled to six years due to the strike prior (§§ 667, subds. (b)-(i), 1170.12), plus two additional consecutive terms of three years for each great bodily injury enhancement (§ 12022.7, subd. (a)), plus an additional one-year consecutive term for the multiple victim enhancement (Veh. Code, § 23558), and an additional one-year consecutive term for the prison prior (§ 667.5, subd. (b)).

---

6     Prior to May 16, a public defender represented Lettice.

7     In sentencing Lettice, the trial court incorrectly referred to the count as count 1.

E.     *Lettice's appeal*

The trial court received Lettice's late notice of appeal in May 2012. This court granted Lettice's request to have his notice of appeal deemed to have been constructively filed within the statutory time period for filing a notice of appeal. In September 2012, the trial court granted Lettice a certificate of probable cause.

III.

DISCUSSION

On appeal, Lettice claims that the trial court failed to exercise its discretion in determining whether to permit the filing of the amended information, as is required pursuant to section 969a and *Valladoli*, *supra*, 13 Cal.4th 590.[8]

---

[8]     Lettice maintains that this court may review the purported error, notwithstanding his trial counsel's failure to object to the filing of the amended information, on various grounds, including that his claim raises a pure question of law. In the alternative, Lettice contends that his trial counsel rendered ineffective assistance in failing to object.

Lettice also argues that he may raise this claim on appeal, despite the fact that he entered a guilty plea, because his claim raises a "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (§ 1237.5 [specifying requirements for obtaining a certificate of probable cause in order to take an appeal after a guilty plea].) The People address Lettice's claims on the merits and do not contend that his claim is procedurally barred for lack of proper objection or due to Lettice's plea of guilty.

We exercise our discretion to consider Lettice's claim on the merits despite any possible forfeiture for failure to object in the trial court. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [appellate court has discretion to consider claims that are not properly preserved for review].) We further conclude that Lettice may prosecute this appeal notwithstanding his guilty plea because he obtained a certificate of probable cause in the trial court and the appeal does not raise "[i]ssues concerning [his] guilt or innocence." (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.)

10

A.    *Standard of review*

Ordinarily, a trial court's decision whether to permit the filing of an amended information to allege an additional prior felony conviction is reviewed for an abuse of discretion.  (See *Valladoli, supra*, 13 Cal.4th at p. 606, fn. 3.)  However, it is well established that "a failure to exercise discretion is an abuse of discretion."  (*People v. Orabuena* (2004) 116 Cal.App.4th 84, 99.)

B.    *Governing law*

Under section 1009, the People may amend an information without leave of court prior to entry of a defendant's plea, and the trial court may permit an amendment of an information at any stage of the proceedings.  Section 1009 provides in relevant part:

> "An indictment, accusation or information may be amended by the district attorney, and an amended complaint may be filed by the prosecuting attorney, without leave of court at any time before the defendant pleads or a demurrer to the original pleading is sustained. The court in which an action is pending may order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings, or if the defect in an indictment or information be one that cannot be remedied by amendment, may order the case submitted to the same or another grand jury, or a new information to be filed."

Section 969a, which specifically addresses the amendment of an information to add allegations of prior felony convictions, provides as follows:

> "Whenever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted either in this State or elsewhere, said indictment or information may be forthwith amended to charge such prior conviction or convictions, and if such amendment is made it shall be made upon order of the court, and no action of the grand jury (in the case of an indictment) shall be necessary.  Defendant shall promptly

11

be rearraigned on such information or indictment as amended and be required to plead thereto."[9]

In *Valladoli*, *supra*, 13 Cal.4th 590, after a jury had rendered a verdict on several substantive charges, but prior to the jury's discharge, a prosecutor requested permission to file an amended information alleging several prior felony convictions. (*Id.* at pp. 595-596.) The prosecutor explained that the priors had been alleged in the complaint but had not been "transcribed correctly" onto the information. (*Ibid.*) Defense counsel objected to the filing of the amended information, but the "the trial court permitted the prosecutor to amend the information with the priors." (*Id.* at p. 596.)

---

[9] Section 969.5 is a "parallel statue" (*Valladoli*, *supra*, 13 Cal.4th at p. 601) that applies where a defendant has pled guilty to a complaint before a magistrate. (*Ibid.* [discussing former § 969 1/2, a predecessor statute to § 969.5 that is similar in all material respects to § 969.5]) Section 969.5 provides in relevant part:

> "(a) Whenever it shall be discovered that a pending complaint to which a plea of guilty has been made under Section 859a does not charge all prior felonies of which the defendant has been convicted either in this state or elsewhere, the complaint may be forthwith amended to charge the prior conviction or convictions and the amendments may and shall be made upon order of the court."

Although both former section 969 1/2 and section 969.5 expressly refer to a "pending *complaint*," and the amendment of a "*complaint*" (italics added), the Supreme Court has, without analysis, suggested that the statutes permit the amendment of an *information*. (See *Valladoli*, *supra*, 13 Cal.4th at p. 602 ["Had defendant pleaded guilty before the magistrate under section 859a, however, the express terms of section 969 would have permitted the People to amend the *information* to charge his prior convictions after the guilty plea"]; *People v. Tindall* (2000) 24 Cal, 4th 767, 778 (*Tindall*) ["if a defendant pleads guilty or nolo contendere, the prosecution may, on the court's order, amend the *information* to add previously unalleged prior convictions until sentencing" (italics added), citing § 969.5, subd. (a) and *Valladoli*].)

On appeal, the defendant claimed that the trial court lacked discretion to permit the filing of the amended information. Defendant argued that only a "*pending . . . information*" (§ 969a (italics added)) may be amended pursuant to section 969a, and that an information is "no longer 'pending' when the jury has finished its deliberations and returned a verdict." (*Valladoli, supra*, 13 Cal.4th at p. 597.) The *Valladoli* court rejected the defendant's argument, and held that section 969a permits a trial court to exercise its discretion to allow the People to amend an information to include prior felony conviction enhancement allegations "when (i) the jury has already rendered a verdict for the substantive crimes charged in the information, but (ii) the jury has not yet been discharged." (*Valladoli, supra,* at p. 594.)[10]

The *Valladoli* court also rejected the defendant's argument that section 969a permits the filing of an amended information only where the People were previously unaware of the prior felony conviction. (*Valladoli, supra*, 13 Cal.4th at p. 605.) The *Valladoli* court held that the statute was "broad enough to encompass: (i) amendment to charge prior felony convictions that were previously known; (ii) amendment to charge newly discovered prior felony convictions; and (iii) amendment to charge prior felonies omitted through clerical error . . . ." (*Id*. at p. 606.)

---

10    In *Tindall, supra,* 24 Cal.4th at pages 769-770, the Supreme Court decided the "question left open in [*Valladoli, supra*, 13 Cal.4th at page 608, footnote 4]," holding that it is generally impermissible for the People to file a postverdict amendment to an information to add prior conviction allegations *after* a jury has been discharged.

13

However, the Supreme Court made it clear that a trial court must *approve* the filing of the amended charging document, and that it is within the trial court's discretion to *deny* leave to amend. In this regard, the *Valladoli* court stated:

> "One limitation on the prosecutor's power to amend the information to charge previously uncharged prior felony convictions is he or she must obtain court approval. Section 969a states such amendment 'shall be made upon order of the court.' Thus, a court, in its discretion, may choose to deny permission to amend. [Citations.]" (*Valladoli, supra*, 13 Cal.4th at p. 606, fn. 3.)

The *Valladoli* court also considered the defendant's claim that the trial court's act in permitting the prosecutor to amend the information to charge prior felony convictions after the jury had returned its verdict constituted a violation of his due process rights under the state and federal constitutions. In analyzing this claim, the *Valladoli* court noted that it was not required to consider whether section 969a and principles of due process permitted a prosecutor to intentionally delay charging a prior felony conviction enhancement, stating:

> "[A]s the omission of priors from the information in this case was apparently due to a clerical error, we need not decide whether it would be permissible for a prosecutor *intentionally* to delay charging prior felony conviction enhancements until after the verdict. Such a prosecutorial decision would raise additional issues of statutory interpretation, as well as ethical considerations not presented on the facts of this case. Moreover, such a prosecutorial decision obviously carries the potential to have an unfair and detrimental impact on an accused's trial tactics and would change significantly the evaluation of the due process issue." (*Valladoli, supra*, 13 Cal.4th at p. 607; see also *id*. at p. 611 (conc. opn. of Mosk, J.) ["A prosecutor who deliberately delays charging the prior felony cannot be said to have 'discovered' that the prior conviction charges were omitted after the filing of the original information, and an amendment pursuant to such an intentional withholding of prior felony allegations cannot be authorized by section 969a"].)

14

The *Valladoli* court also noted that the fact that section 969a permits the trial court to *deny* a request by the People to file such an amendment assuaged due process concerns related to belated amendments.

> "Section 969a expressly gives discretion to our trial judges to permit or deny the amendment [citation], and we rely in such matters on the prudent exercise of that discretion to ensure the due process rights of criminal defendants are adequately protected. In exercising such discretion, courts should scrutinize (i) the reason for the late amendment, (ii) whether the defendant is surprised by the belated attempt to amend, (iii) whether the prosecution's initial failure to allege the prior convictions affected the defendant's decisions during plea bargaining, if any, (iv) whether other prior felony convictions had been charged originally, and (v) whether the jury has already been discharged [citation]. This list, of course, is intended to be illustrative rather than exhaustive, and we reiterate the matter is best left to the discretion of our trial judges." (*Valladoli, supra*, 13 Cal.4th at pp. 607-608, fn. omitted.)

The Supreme Court proceeded to apply these factors and concluded that the defendant's due process rights in that case had not been violated. The *Valladoli* court noted that the defendant had not been surprised by the new allegations,[11] and that "nothing in this case suggests the prosecution intentionally held back the prior felony conviction allegations to gain some tactical advantage, or that the delay had a detrimental

___

[11]     The *Valladoli* court noted that the prior conviction allegations had been included in the original complaint but that, due to an apparent clerical error, they had not been included in the information. (*Valladoli, supra*, 13 Cal.4th at pp. 607-608.)

15

impact on defendant's decision to accept an offered plea." (*Valladoli, supra*, 13 Cal.4th at p. 608.)[12]

C.    *Application*

It is undisputed that the record does not contain an express order of the court authorizing the filing of the amended information. (See § 969a ["if such amendment is made it shall be made upon order of the court"].) Rather, at the outset of the hearing set for sentencing, the trial court merely announced, "There is an amended information."

Further, while the People repeatedly assert in their brief that the trial court "permitted the prosecution to amend the information,"[13] there is nothing in the record

---

[12]    As is clear from our recitation of the procedural posture in *Valladoli,* the question that the Supreme Court addressed was whether the People could file an amended information after a jury had rendered its verdict in a *trial*. Further, while in enumerating the factors that a trial court should consider in determining whether to permit the filing of an amended information, the *Valladoli* court referred to the potential detrimental effect that a proposed late amendment might have made with respect to the "defendant's decisions during plea bargaining" (*Valladoli, supra*, 13 Cal.4th at p. 607), the *Valladoli* court *did not* hold that the People may seek to file an amended information after having entered into a plea agreement. In referring to a "defendant's decisions during plea bargaining" (*ibid.*), it appears the *Valladoli* court was referring to a hypothetical defendant who has *rejected* a proposed plea agreement based on the state of the then current charges, and proceeded to trial (as in *Valladoli*). In this case, in contrast, Lettice *entered into a plea agreement* with the People, only to have the People later seek to file an amended information that realleged some of the dismissed charges as well as a new prior strike conviction. Neither the *Valladoli* court, nor any other court of which we are aware, has considered whether the People may file an amended information after having entered into a plea agreement to resolve the case. However, Lettice has not argued on appeal that the People are precluded from filing an amended information under these circumstances. Accordingly, for purposes of this opinion only, we must assume, and specifically are not deciding, that a trial court may exercise its discretion to permit the People to file an amended information pursuant to section 969a even after the People have entered into a plea agreement to resolve the case.

16

that would support this assertion. The record does not demonstrate that the prosecutor requested the trial court's approval prior to filing the amended information, and the court did not state on the record that it was permitting the filing of the amended information. Nor did the trial court refer to section 969a or to *any* of the *Valladoli* factors that our Supreme Court has stated a trial court "should scrutinize" before permitting such an amendment, in order to ensure the defendant's statutory and constitutional rights are protected. (*Valladoli, supra*, 13 Cal.4th at p. 607.) Perhaps most tellingly, the trial court expressly (and erroneously) stated that the People had "a statutory *right* to add the strike after the plea." (Italics added.)

The trial court also made several statements on the record that indicate that the court may well have barred the filing of the amended information if it had been aware that it was within the court's discretion to do so. The trial court observed that the circumstances of the filing of the amended information in this case raised both estoppel and notice concerns. The court deferred ruling on the People's oral motion to withdraw their assent to the February 17 plea agreement, stated that the People instead would be required to file a written motion if the People desired to withdraw their assent to the February 17 plea agreement, and admonished the prosecutor to consider carefully

---

13    The People also argue, "While not expressly acknowledging section 969a or 969.5, by allowing the amended information to be filed, the amendment was 'by order of the court.' "

17

whether he wished to pursue such a motion because defense counsel had a "decent argument" regarding notice that the court would have to consider.[14]

This case is thus distinguishable from the silent record at issue in *People v. Loggins* (1955) 132 Cal.App.2d 736 (*Loggins*), which the People cite in support of their position. In *Loggins*, the Court of Appeal rejected a defendant's contention that a pretrial amendment of an information to include a prior felony conviction was improper and deprived him of his constitutional rights. (*Id*. at p. 738.) The *Loggins* court reasoned, "The amended information here was filed in open court and is presumed to have been filed pursuant to leave of court, although the minutes of the court do not so state." (*Ibid*.) In this case, as summarized above, the trial court expressly, and erroneously, stated that the People had a statutory *right* to file the amended information, and proceeded to make numerous statements on the record that indicate that the court might have denied leave to amend the information if it had been aware that it was within the court's discretion to do so. We cannot presume that the trial court engaged in the required "prudent exercise of [its] discretion [under section 969a]" necessary to ensure that Lettice's due process rights were adequately protected (*Valladoli, supra*, 13 Cal.4th at p. 607), in light of a record that demonstrates that the trial court clearly believed it had no such discretion.

---

14    The People never filed a motion to withdraw from the February 17 plea agreement and the trial court never vacated the February 17 plea or plea agreement. Instead, as noted previously, on May 16, the People made an "offer of 14 years," and indicated that the offer would be available for one day only. Lettice accepted the 14-year offer and entered a second plea of guilty on May 24.

18

The record reflects that the People failed to obtain court approval prior to filing the amended information, and that the court filed the amended information under the misimpression that it was required to do so. We conclude that reversal is required because there is a reasonable probability that the court would have exercised its discretion to deny leave to file the amended information. (See *S.T. v. Superior Court* (2009) 177 Cal.App.4th 1009, 1016 [stating that "[a] trial court's failure to exercise its discretion generally requires reversal," and that "[a]ffimance is possible only if the appellate court can conclude the appellant suffered no prejudice either because it would have been an abuse of discretion to rule in the appellant's favor [citation] or because it is not reasonably probable that the appellant would have obtained a more favorable result had the court exercised its discretion"].)

D.      *A remand is required*

Lettice argues that no remand is required because the record demonstrates that the "only appropriate exercise of discretion would be to deny leave to amend." We agree with Lettice that an application of many of the *Valladoli* factors to the current record weigh heavily in favor of denying leave to amend: the People offered no compelling reason for the late amendment, it appears that Lettice was likely completely surprised by the belated amendment on the day set for sentencing, and there is some evidence that the prosecution's failure to allege the second strike may have affected Lettice's plea bargaining strategy. In addition to these factors (see *Valladoli, supra*, 13 Cal.4th at p. 607 [enumerated list of factors "is intended to be illustrative rather than exhaustive"]), we would add that the People attempted to file an amended information *after* having entered

19

into a plea agreement to resolve this case. In our view, this fact counsels strongly against permitting the filing of such an amendment.[15] In addition, given that the prior felony conviction was listed on a March 2010 "pre-trial services" report that the prosecutor presumably received at that time, more than a year before the People filed the May 2011 amended information, there is considerable evidence of the prosecution's lack of diligence in "discover[ing]" (§ 969a) that the information did not charge all prior felonies.[16]

However, since the issue was not litigated in the trial court, we cannot conclude that it would necessarily be an abuse of discretion in this case for the trial court to allow leave to amend. Accordingly, the proper course is to reverse the judgment and remand

---

[15] "When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts . . . both parties, including the state, must abide by the terms of the agreement." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024.) In this case, in the February 17 plea agreement, the People agreed to dismiss the balance of the charges in the original information in exchange for Lettice's guilty plea. After Lettice waived his constitutional right to trial and his attendant constitutional rights and pled guilty pursuant to this agreement, and the balance of the charges had been dismissed, the People filed an amended information that *realleged* the dismissed charges.

While Lettice alludes to a prosecutor's duties during plea bargaining in his reply brief, he does not specifically contend in his opening brief that the People's filing of the amended information in this case breached the February 17 plea agreement. Accordingly, we express no opinion as to these issues, nor do we express any opinion as to what the proper remedy would be if a court were to conclude that the People breached the February 17 plea agreement and/or violated Lettice's constitutional rights by filing the amended information.

[16] The *Valladoli* court stated that it was not deciding whether "it would be permissible for a prosecutor *intentionally* to delay charging prior felony conviction enhancements." (*Valladoli, supra*, 13 Cal.4th at p. 607.) Lettice contends that "it is not clear that an improper tactical advantage was the goal of not filing sooner, but one was certainly sought in the last-minute reversal of an apparent decision to not charge two prior strikes [initially]." The trial court may consider this issue on remand.

20

the matter to the trial court to permit that court to exercise its discretion in considering whether to allow the People to file the amended information.

IV.

DISPOSITION

The judgment is reversed.   The May 24, 2011 plea agreement and the May 24, 2011 plea are vacated.  The matter is remanded to the trial court with directions to exercise its discretion to decide whether to permit the People to file the amended information.[17]

If the trial court denies the People leave to file the amended information, the court shall resentence Lettice in accordance with the February 17, 2011 plea and plea agreement.  If the court grants the People leave to file the amended information, the court shall vacate the February 17, 2011 plea and plea agreement and permit the People to file the amended information.  The trial court shall thereafter conduct any further necessary proceedings in accordance with the law.[18]

AARON, J.

WE CONCUR:

McDONALD, Acting P. J.
O'ROURKE, J.

---

[17]    In light of the trial court's failure to exercise its discretion regarding whether to permit the People to file the amended information, we conclude that the proper remedy is to restore the case to the procedural posture as of the time of the trial court's error.

[18]    We emphasize that we are not requiring that the case proceed to trial.  If the trial court permits the filing of the amended information, the People and Lettice may enter into a new plea agreement.

21