Filed 3/25/15  P. v. Billings CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDREA J. BILLINGS,<br><br>    Defendant and Appellant. | D065383<br><br><br><br>(Super. Ct. No. SCS263109) |

APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard III, Judge.  Affirmed.

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

FACTUAL AND PROCEDURAL BACKGROUND[1]

On February 27, 2013 at approximately 6:00 p.m., deputy sheriffs arrived at the scene of a multi-vehicle traffic collision in Imperial Beach. The preliminary investigation revealed that a Caucasian female had driven a silver Jetta into the rear of a car in front of her, causing several vehicles to collide with one another. One of the victims told the deputies the driver of the Jetta drove around the stopped cars and proceeded south on Third Street. Shortly thereafter, the deputies located a silver Jetta with front end damage parked in a driveway on Third Street. They made contact with appellant Andrea Billings, who smelled of alcohol and admitted she might have been in a collision. She declined to submit to a field sobriety test or a preliminary alcohol screening and was arrested.

Subsequent investigation revealed three individuals had been injured in the accident, one suffering a hairline fracture of her tailbone. Appellant's blood alcohol content was .36 percent.

Appellant was charged in a first amended complaint with driving under the influence causing injury (Veh. Code,[2] § 23153, subd. (a)) along with several enhancements (count 1); driving with .08 or greater blood alcohol level causing injury (§ 23153, subd. (b)) along with several enhancements (count 2); and hit-and-run driving (§ 20002, subd. (a)) (count 3).

_____

[1] The factual background is taken from the probation report.

[2] Subsequent unspecified statutory references are to the Vehicle Code.

As part of a plea agreement, on April 17 appellant pleaded guilty to count 1 and admitted she caused bodily injury to multiple victims (§ 23558) and personally inflicted great bodily injury on a person not an accomplice (Pen. Code, § 12022.7, subd. (a)). She also admitted two prior convictions in 2008 for driving with a .08 or greater blood alcohol level. The guilty plea form reflected the sentence would be left to the court and the sentence would "wrap" with the probation violations related to the two prior convictions. The guilty plea form stated her maximum potential sentence was seven years, and that in return for her guilty plea, the remaining charges would be dismissed.

In addition to initialing and signing her change of plea form, appellant also initialed and signed a DUI Addendum form that stated the sentence for count 1 was two, three, or four years and her blood alcohol reading was .36 percent. After confirming appellant had read both forms, discussed them in detail with her attorney, signed and initialed them and understood them, the court found appellant knowingly, intelligently and voluntarily entered her guilty plea and waived her constitutional rights and that there was a factual basis for the guilty plea and the admissions.

When appellant appeared for sentencing on July 12, several issues arose before the court imposed judgment. Relevant here, the court informed the appellant and counsel that the plea form erroneously stated appellant's maximum sentence was seven years, when in fact it was eight years. The court opined the error occurred because the complaint indicated a sentence triad of 16 months, two years, or three years for count 1, but failed to reflect that, due to appellant's current section 23153 conviction and two prior alcohol related convictions within 10 years, the authorized sentence was two, three, or

3

four years under section 23566. After the court, defense counsel and the prosecutor discussed this issue (along with others not raised on appeal), the court called a recess to allow defense counsel and the prosecutor to research the sentence triad that applied to appellant's case. The court also directed defense counsel to talk with appellant about the "maximum punishment" she was facing and "any additional consequences that she may not have been aware of [when she entered the plea agreement] and . . . to see whether or not she understands those, accepts those and still adopts her plea."

Following the recess, the court confirmed the parties agreed the authorized sentence was "2/3/4." The court then spoke directly to appellant, questioning her under oath, to confirm she understood the consequences of her plea, knew her maximum penalty was eight years, and still wanted to "stand by [her] previous plea of guilty." As part of this discourse, the court explained why the sentence for the section 23153 violation in her case was "2/3/4", not "16 [months]/2/3" and asked if she understood the court's explanation. She stated she did. The court then asked if she intended to "stand by [her] previous plea and she stated "Yes." The court found appellant's plea was "knowingly, intentionally and voluntarily entered into, understanding the consequences of her plea" and her counsel concurred "with that." The court pronounced its sentence and imposed a prison term of five years.[3]

---

[3] The court selected the low term of two years for the section 23153 violation and three years for the great bodily injury enhancement, and dismissed the multiple victims enhancement.

On April 1, 2014, the trial court denied appellant's request for a certificate of probable cause. In response to appellant's request that this court issue a certificate of probable cause, we issued an order permitting the appeal but limiting the appeal "to sentencing questions or other matters occurring after the plea. . . ."

DISCUSSION

On appeal, appellant challenges the court's sentence on several grounds. She claims the court abused its discretion because it used the two-, three-, or four-year triad contained in section 23566 despite the fact (1) neither that section, nor the triad, were reflected in the first amended complaint; (2) there was no motion to amend the complaint; (3) the court did not consider whether an amendment should be allowed; and (4) no amended complaint was filed. She also claims the court abused its discretion by reforming the plea agreement to include a new sentencing triad without (1) a motion to do so by either party and (2) considering whether to simply enforce the plea agreement initially executed by the parties. There was no error.

It is well settled that "[o]nce the trial court approves the plea bargain, it cannot change the agreement without the consent of the parties" as "[t]he court lacks jurisdiction to alter the terms and must impose a sentence within the limits of the bargain." (*People v. Superior Court (Sanchez)* 223 Cal.App.4th 567, 573.) Here, as the statement of facts makes clear, after the court brought the error about the maximum sentence set forth in the change of plea form to the parties' attention; the court and the attorneys engaged in a thoughtful discussion about the correct sentencing triad, defense counsel and the appellant had a full opportunity to discuss the implications of this issue during a recess in

5

the proceedings; and, after the recess, the court carefully questioned the appellant about the consequences of this modification and following that inquiry concluded appellant understood the change in her initial plea bargain and stood by her previous guilty plea.

The cases appellant relies upon in support of her claim of sentencing error are premised, in part, on the claim an amended complaint was required before the court could proceed with sentencing and the court was obligated to approve the filing of the amended charging document. (See *People v. Lettice* (2013) 221 Cal.App.4th 139, 141, 149.) The due process concerns raised in *Lettice*—which arose from the prosecution filing an amended pleading to add a strike prior after the plea was entered—are inapplicable in this case.

Here, no new charges or enhancements were being added to the complaint and appellant is not claiming she had inadequate notice of the applicable sentencing triad or that the reference to a seven-year maximum sentence, instead of eight years, would have affected her decisions with respect to plea bargaining. The DUI Addendum form appellant signed and acknowledged she understood on the day she entered her plea set forth the controlling sentencing triad in this case and the record makes clear the court would not have proceeded with sentencing unless it was satisfied appellant knew the consequences of her plea and did not wish to withdraw her plea.

In short, an amended pleading was not required under the circumstances of this case, appellant consented to the change in the terms of the plea bargain, and the court did not abuse its discretion in the manner in which it proceeded after the sentencing error was discovered.

DISPOSITION

The judgment is affirmed.


                                                            HALLER, J.

WE CONCUR:


NARES, Acting P. J.


McINTYRE, J.