Filed 9/2/15  P. v. Gill CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C077686 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF131994) |
| v. | |
| GURMUKH SINGH GILL, | |
| Defendant and Appellant. | |

Defendant Gurmukh Singh Gill appeals his conviction for perjury claiming he was denied his right to a speedy trial, was denied a fair trial because his appointed attorney had a conflict, and was denied a fair and impartial judge.  Finding no merit in any of these claims, we affirm the judgment.

BACKGROUND

Leeann Basham worked for defendant at his used car dealership for about four years, until June 2013. In July 2009, Basham also purchased a used Suburban from defendant for $6,000. At defendant's direction, she prepared and signed a vehicle transfer form submitted to the Department of Motor Vehicles (DMV) under penalty of perjury, indicating the sales price was $2,000. Defendant told Basham to use that sales price, as it would lower the amount of California sales tax due on the vehicle. Approximately two years later, Sharon McCracken bought a used Ford Taurus from defendant for $4,250. At defendant's direction, Basham prepared and signed a vehicle transfer form submitted to the DMV under penalty of perjury, indicating the sales price was $2,550. Defendant admitted he sold the vehicles to McCracken for $4,250 and to Basham for $6,000. He claimed he reduced the price to save them money on taxes and fees.

PROCEDURAL HISTORY

A complaint filed on August 19, 2013, charged defendant with grand theft (Pen. Code, § 487, subd. (a))[1] committed between January 28, 2011, and January 28, 2012. The Sutter County Sheriff's Office arrested defendant on September 22, 2013. The next day, defendant waived formal arraignment and the trial court released him on his own recognizance.

On April 17, 2014, the People moved to amend the complaint, and the trial court granted the motion without objection. The People filed the amended complaint on June 4, 2014. The amended complaint charged defendant with grand theft, committed between January 28, 2011, and January 28, 2012 (§ 487, subd. (a)), two counts of perjury (§ 118, subd. (a)), 12 counts of failure to transfer public moneys (§ 424, subd. (a)(6)), and

---

[1] Undesignated statutory references are to the Penal Code.

10 counts of failure to transfer or deliver certificate of ownership (Veh. Code, § 5753). Except as to the grand theft charge, the complaint alleged a specific date on which defendant committed each of the remaining offenses. Defendant waived formal arraignment and entered not guilty pleas.

Defendant was arrested on September 22, 2013. Between September 23, 2013, and July 11, 2014, defendant personally waived his right to a speedy preliminary hearing eight times. Five times the matter was continued on defendant's motion.

The trial court held the preliminary hearing on July 11, 2014, discharged the grand theft charge, and held defendant to answer on the two perjury counts, with amended dates. The trial court also found defendant had committed 14 counts of petty theft. The People did not request a holding order as to the charges of failure to transfer public money and the trial court discharged those counts. The remaining counts were certified to the superior court.[2]

The People filed an information on July 18, 2014, charging defendant with two counts of perjury, 12 counts of failure to transfer or deliver certificate of ownership (Veh. Code, § 5753), and 12 counts of misdemeanor petty theft (§ 484). On July 21, 2014, defendant waived formal arraignment and pleaded not guilty. On September 5, 2014, the People dismissed all the counts except for the two perjury counts. The matter proceeded to trial on September 9, 2014.

The jury found defendant guilty of one count of perjury and not guilty of the other count of perjury. For sentencing, the trial court read and considered the probation officer's report and the arguments of counsel. Defense counsel asked the trial court to follow the recommendations of the probation officer. Before sentencing, the trial court stated: "[Defendant], your behavior and the way you ran your business is shoddy and

---

[2] The alleged Vehicle Code section violations are misdemeanors. (Veh. Code, § 40000.7, subd. (a)(12).)

basically dishonest. The testimony of your employee would lead the Court to believe that this employee was somebody who you believe[d] you could manipulate to get the results that you thought were appropriate, that worked at some level to make you feel good and perhaps help you get the word out that people would get a break on the taxes that they paid. Your notion, your belief that you were trying to help people is nonsense. You have demonstrated that in terms of business you're a person who cannot be trusted, and I want you to understand fully that your position that you were just trying to help people is ridiculous." The trial court then followed the recommendations of the probation officer and granted defendant three years' probation conditioned on serving 45 days in county jail, with credit for four days of time served. The trial court ordered defendant to pay a $300 restitution fund fine (§ 1202.4), a $300 probation revocation fine stayed pending successful completion of probation (§ 1202.44), a $40 court operations assessment (§ 1465.8), and a $30 conviction fee (Gov. Code, § 70373).

DISCUSSION

I

*Speedy Trial*

Defendant contends "the complaint, amended complaint and information was confusing, conflicting and did not provide adequate specificity regarding the offense and therfore [*sic*] interfered with the defendant's right to a speedy trial." We conclude this claim is forfeited.

Both the federal and state Constitutions guarantee a defendant the right to speedy trial in a state criminal prosecution. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; see *People v. Martinez* (2000) 22 Cal.4th 750, 754.) When the defendant is not in custody, the magistrate must dismiss a complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment. (§ 859b; *People v. Luu* (1989) 209 Cal.App.3d 1399.) The trial court must dismiss the action if the information is not filed within 15 days after the defendant is held to answer or if "a defendant is not

4

brought to trial within 60 days of the defendant's arraignment on an indictment or information," "unless good cause to the contrary is shown . . . ." (§ 1382, subd. (a)(1) & (2).)

In the entirety of defendant's statement of facts and speedy trial argument, defendant references only two dates, neither of which pertains to his speedy trial claim. Defendant does not provide any legal analysis explaining how the speedy trial violation occurred and to which portion of the proceedings his claim applies. Instead defendant claims his right to a speedy trial was violated because the complaint and information were so confusing and vague that defendant was unable to present a defense and defendant and defense counsel had no choice but to continually waive time. Defendant provides no citations to the record on appeal as support for this claim. Defendant's argument provides no citations to the record as to the operative and relevant dates for a speedy trial claim, nor does he cite any statutes or authority on his right to a speedy trial. In his argument, defendant cites a single case, which holds that the trial court has discretion to deny leave to file an amended information adding an additional prior felony conviction. (*People v. Lettice* (2013) 221 Cal.App.4th 139, 147, 152-154.) Based on defendant's failure to cite to any relevant authority or portions of the record, we conclude this argument is forfeited. (*People v. Anderson* (2007) 152 Cal.App.4th 919, 929; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)

This claim is also forfeited as a result of defendant's failure to raise it and file a motion to dismiss in the trial court. "[A] defendant's failure to timely object to the delay and thereafter move for dismissal of the charges is normally deemed a waiver of his right to a speedy trial. [Citations.]" (*People v. Wright* (1990) 52 Cal.3d 367, 389, overruled on another point in *People v. Williams* (2010) 49 Cal.4th 405, 459.) "The defendant must also move to dismiss after the expiration of the allowable delay (but before the beginning of trial) so that if the court decides that the statutory period has been exceeded, that there has not been good cause for the delay, and that a proper and timely objection was made, a

futile trial will be avoided." (*People v. Wilson* (1963) 60 Cal.2d 139, 147.) At no time did defendant move for dismissal of the charges based on a claimed violation of his right to a speedy trial.[3] Accordingly, this claim is forfeited.

## II

### *Attorney Conflict*

Defendant contends he was denied a fair trial "because his appointed attorney was running for the district attorney's position during the trial." He claims, "[w]hile it is not being alleged that the Defense counsel acted incompetently at trial, there arises a very specific conflict of interest when the counsel for the defendant is actively running for a position in the prosecuting attorney's office." Defendant acknowledges he "was aware of the conflict and consented to it."[4]

"A criminal defendant is guaranteed the right to the assistance of counsel by the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution. This constitutional right includes the correlative right to representation free from any conflict of interest that undermines counsel's loyalty to his

---

[3] It is likely defendant made no such claim in the trial court because it was without merit. Defendant repeatedly personally waived his right to a speedy preliminary hearing, and in fact, the continuances were frequently on his own motion. Moreover, once the People filed the amended complaint, defendant received a preliminary hearing within 60 days of his arraignment and plea on that complaint. (See *Landrum v. Superior Court* (1981) 30 Cal.3d 1, 15.) The People filed the information within 15 days of defendant being held to answer and trial commenced within 60 days of the filing of the information. (§ 1382, subd. (a)(1) & (2).)

[4] Defendant also contends this alleged conflict continues now on appeal, "since his attorney is now the District Attorney, as she was elected into office between the time of his trial and his sentencing . . . [¶] . . . [¶] . . . there [is] a clear conflict of interest, . . . now because the district attorney is [defendant's] former attorney." This claim is mystifying. The district attorney is not involved in the appeal of this case and will not, contrary to defendant's assertion, make argument to this court. The Attorney General is the office charged with prosecuting felony criminal appeals in state court.

6

or her client.  [Citations.]  'It has long been held that under both Constitutions, a defendant is deprived of his or her constitutional right to the assistance of counsel in certain circumstances when, despite the physical presence of a defense attorney at trial, that attorney labored under a conflict of interest that compromised his or her loyalty to the defendant.'  [Citation.]  'As a general proposition, such conflicts "embrace all situations in which an attorney's loyalty to, or efforts on behalf of, a client are threatened by his responsibilities to another client or a third person or his own interests. [Citation.]" '  [Citations.]"  (*People v. Doolin* (2009) 45 Cal.4th 390, 417 (*Doolin*).)

Claims of Sixth Amendment violations based on conflicts of interest are a category of ineffective assistance of counsel claim that "generally require a defendant to show (1) counsel's deficient performance, and (2) a reasonable probability that, absent counsel's deficiencies, the result of the proceeding would have been different. [Citations.]  In the context of a conflict of interest claim, deficient performance is demonstrated by a showing that defense counsel labored under an actual conflict of interest '*that affected counsel's performance*--as opposed to a mere theoretical division of loyalties.'  [Citations.]  '[I]nquiry into actual conflict [does not require] something separate and apart from adverse effect.'  [Citation.]  'An "actual conflict," for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance.'  [Citation.]"  (*Doolin, supra,* 45 Cal.4th at pp. 417-418.)

Defendant cites no authority for the proposition that running for a position in the prosecuting attorney's office creates a "very specific conflict of interest."  The authorities defendant cites for the proposition that a defense attorney accepting a new position with the prosecuting agency creates a conflict do not in fact stand for that proposition. *People v. Bonin* (1989) 47 Cal.3d 808 dealt with an alleged conflict of interest arising when the defense attorney had prior dealings with a key prosecution witness and had obtained literary rights to the story through the fee agreement.  (*Id.* at p. 825.)  *People v. Marshall* (1987) 196 Cal.App.3d 1253 holds the exact opposite of what defendant claims

7

it does. *Marshall* found there was no authority for the defendant's claims that "an actual conflict arose when defense counsel accepted future employment with the district attorney" or that "such circumstance, without more, requires the finding of an actual conflict." (*Id.* at p. 1275.) The *Marshall* court went on to conclude "that potential or actual conflict of interest, arising when criminal defense counsel has agreed to future employment as a prosecutor, does *not* taint a defendant's conviction where no actual prejudice is demonstrated." (*Id.* at pp. 1258-1259, italics added.)

A defense attorney does not create "a conflict of interest merely by seeking employment with the district attorney's office or even by campaigning to assume that office while continuing to represent criminal defendants. (*People v. Marshall, supra*, 196 Cal.App.3d at p. 1257 [defense counsel's acceptance of employment with district attorney does not require finding of actual conflict of interest].) Any conflict between an attorney's personal interest in obtaining employment and his or her client's interest in loyal and effective representation is too attenuated to impute a violation of professional ethics in each such case." (*People v. Clark* (1993) 5 Cal.4th 950, 996-997, disapproved on other grounds in *Doolin, supra,* 45 Cal.4th 390.)

Defendant does not contend defense counsel was incompetent at trial or point to any portion of the record suggesting counsel's performance was adversely affected by any alleged conflict. Accordingly, we find no conflict and defendant was not denied his right to a fair trial by virtue of the fact that his defense attorney was running for district attorney.

### III

### *Fair and Impartial Trial Judge*

Defendant contends he was denied his right "to a fair and impartial judge at all stages of the proceedings including sentencing." He bases this claim on the trial court's statements at sentencing, which he contends were a "personal[] attack" against him and he asserts the trial court relied on evidence not used in trial in determining his sentence.

Defendant did not object at any time during the sentencing hearing. He did not object to the comments by the trial court. He did not seek disqualification of the judge at the time the comments were made. Defendant "never claimed during trial that the judge should recuse himself or that his constitutional rights were violated because of judicial bias. 'It is too late to raise the issue for the first time on appeal.' ([*People v. Scott* (1997) 15 Cal.4th 1188, 1207]; see also *People v. Brown* (1993) 6 Cal.4th 322, 334 ['[Code of Civil Procedure s]ection 170.3[, subdivision] (d) forecloses appeal of a claim that a statutory motion for disqualification authorized by section 170.1 was erroneously denied'].) For the same reason, defendant has forfeited his additional claims that the trial judge's alleged bias affected his subsequent trial rulings. (*Scott, supra*, 15 Cal.4th at p. 1207.)" (*People v. Guerra* (2006) 37 Cal.4th 1067, 1111.)

Even if this claim were not forfeited, it has no merit as the trial court did not commit any acts of judicial misconduct. A court commits misconduct if it creates the impression that it is denigrating the defense, making discourteous and disparaging remarks to defense counsel, or otherwise allying itself with the prosecution. (*People v. Blacksher* (2011) 52 Cal.4th 769, 824; *People v. Snow* (2003) 30 Cal.4th 43, 78.) However, even where a trial court makes comments that are " 'better left unsaid,' " the test is whether the judge's behavior was so prejudicial that it denied the defendant a fair trial or hearing. (*Snow,* at pp. 78, 82.) Here, there can be no claim defendant did not receive a fair hearing or that there was any prejudice to defendant. The trial court considered the probation report and the arguments of counsel. Defense counsel agreed with the probation report and asked the court to follow its recommendations. The trial court did. There was no prejudice to defendant.

DISPOSITION

The judgment is affirmed.

　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　Blease, Acting P. J.

We concur:


　　 /s/
Hoch, J.


　　 /s/
Renner, J.