Filed 4/22/16  P. v. Stapleton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>AARON JOSEPH STAPLETON,<br><br>        Defendant and Appellant. | E063087<br><br>(Super.Ct.No. RIF1203493)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Kimberley A. Donohue and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Aaron Joseph Stapleton appeals from the trial court's denial of his request to strike a strike prior. Defendant contends the trial court failed to exercise its discretion when required to do so and abused its discretion by refusing to hear evidence of or consider defendant's character in connection with the motion to strike the prior. We conclude the trial court properly exercised its discretion, and we affirm.

FACTS AND PROCEDURAL BACKGROUND

The facts of defendant's offenses are taken from the record in a related action. (*People v. Stapleton* (Jul. 17, 2014, E059314) [nonpub. opn.].) On May 13, 2015, this court took judicial notice of the record in case No. E059314.

"In 1994, defendant was convicted of the crime of committing a lewd act on a child under age 14, in violation of Penal Code section 288, subdivision (b). As a result of that conviction, defendant was required to register as a sex offender under Penal Code section 290.

"In August 2012, the People filed a felony complaint alleging that, on or about April 6, 2012, defendant had violated the registration statute when he failed to register with the Riverside County Sheriff's Department within five days of moving into the county or changing his residence within the county. The complaint also alleged three prior prison term enhancements, and three prior strike convictions (1986 attempted burglary conviction, 1994 lewd act conviction, 1994 first degree burglary conviction).

"In November 2012, defense counsel filed papers inviting the trial court to exercise its inherent discretion to dismiss one or more strike priors and other

2

enhancements. Defendant's papers asserted the following narrative: '[Defendant] is required to register under Penal Code Section 290. A compliance check was conducted by the SAFE team. The SAFE team found that [defendant] was on a GPS device, and living at a sober living residence which parole had directed him to. However, while he had made an appointment to register on March 8, 2012[,] he had not completed the registration process. At the time the investigation was conducted [defendant] was in custody for a parole violation based on his failure to register.' Defense counsel also explained that both 1994 convictions arose out of a single incident: 'According to the police reports[,] [defendant] entered an open house [and] saw a child sitting on a recliner. He closed the door, climbed on top of her and touched her breasts and vagina over her clothing. The recliner tipped, and the child ran out of the house. The two charges share a conviction date, and were part of a single commitment to state prison. It is clear these two counts arise out of one continuous course of conduct.' Defense counsel asked, among other things, that the court treat them as a single strike.

"The People opposed the defense request. The People indicated that defendant was living at a residence in San Jacinto when he was incarcerated for a parole violation in January 2012. He was released on March 6, 2012, and, upon his release, he was placed at a sober living facility in Perris, subject to GPS tracking. 'Approximately one week after living at the facility, the house manager . . . provided the defendant bus fare to go to the Lake Elsinore station to register. The defendant left the sober living facility and returned later stating he had registered.' Defendant assertedly told his parole agent that he had registered, but that he had lost the paperwork. Defendant's parole agent told him several

3

times to register, but he failed to do so. Defendant telephoned the Lake Elsinore sheriff's station on March 8, 2012, to make a registration appointment. Defendant's appointment was on March 14, 2012, but defendant failed to appear on that date. Defendant assertedly admitted to investigators that he had told his parole agent that he had registered when he had not." (*People v. Stapleton*, *supra*, E059314.)

A jury found defendant guilty of failure to register as a sex offender after moving (Pen. Code, § 290.013, subd. (a)—count 1) and failure to register as a sex offender upon release from custody (§ 290.015, subd. (a)—count 2). The jury further found true the allegations that defendant had suffered two prior prison term convictions (§ 667.5, subd. (b)) and had two prior strike convictions (§§ 667, subds. (c), (e)(2)(A); 1170.12, subd. (c)(2)(A)).

Before trial, defendant filed a request for the trial court to strike a strike prior. The People opposed the request, and defendant withdrew the request before the trial court had ruled. At sentencing, defendant renewed the request for the trial court to dismiss one or more of the strike priors. The trial court struck the 1986 strike prior as being too "remote" in time. The trial court imposed the upper term for count 1, doubled because of the remaining strike, and imposed one year for each of the prior prison terms, for a total sentence of eight years in state prison.

The People appealed the trial court's order striking the prior strike. This court reversed the trial court's order and remanded the matter for resentencing. We explained, "Here, the relevant factors militate against dismissing a strike. The current crime was not particularly heinous, but the offense was not a matter of mistake or excusable neglect.

4

Defendant knew he was required to register and deliberately chose not to comply. Defendant's character, background and prospects were not promising, and failed to demonstrate that he fell outside the spirit of the Three Strikes law in any meaningful way. No 'extraordinary' circumstances existed to show that he should be treated differently from other career criminals. (See *People v. Carmony* [(2004) 33 Cal.4th 367], 378-379.) Rather, he was a fairly typical revolving door criminal, and indeed he seemed intent on committing a new offense so he could return to custody. Instead of finding defendant fell within the spirit and intent of the Three Strikes law, which plainly restricts a trial court's sentencing discretion with respect to recidivist offenders, the trial court somewhat perversely found that defendant's deliberate desire to be a recidivist should take him outside the recidivist punishment scheme. This seems to be a case in which the trial court determined what punishment it wished to impose, and set about to rationalize that result, rather than considering the appropriate factors in determining whether to exercise its admittedly limited discretion to dismiss a strike prior. [¶] Accordingly, we agree with the People that the trial court here abused its discretion in dismissing one of defendant's strike priors, which the court had earlier agreed was not remote, on the basis of its supposed remoteness." (*People v. Stapleton*, *supra*, E059314.)

On remand, at the sentencing hearing, the trial court stated it had read the initial and supplemental *Romero* motions in preparation for the hearing and had read the opinion of this court, which it found "a little confusing because it certainly remands it back for reconsideration and makes a specific finding that the Court used the wrong standard." The trial court continued, "It also has language that says, 'The relevant factors

5

militate against dismissing a strike.' However, it doesn't say, here is what the Court should do." The court further stated, "When I consider [defendant] has certainly spent a huge chunk of his life in custody, I think his last sentence was 17 years, just a giant chunk of time, but he has one set of strikes that were two together, as we indicated, the one from '94. His other one was from 1986. He did have an ankle bracelet on. He was in the place he was placed at. [¶] He clearly—I agree with the People—knew what his obligation was, in fact fabricated, he lied about having fulfilled his obligation." The trial court stated that defendant's crimes were de minimis and further stated, "I do want to state for the record, I simply think 25 to life is a very, very severe punishment for a person who committed administrative violation[s]."

The trial court sentenced defendant to 25 years to life on count 1 and a concurrent term of 25 years to life on count 2. The trial court stayed the sentence for the two prison priors.

Additional facts are set forth in the discussion of the issues.

DISCUSSION

**Trial Court's Exercise of Discretion**

Defendant contends the trial court failed to exercise its discretion when required to do so.

*Standard of Review*

We review the trial court's decision on an invitation to strike a strike prior under the abuse of discretion standard. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th

497, 531.) A failure to exercise discretion is itself an abuse of discretion. (*People v. Lettice* (2013) 221 Cal.App.4th 139, 147.)

*Analysis*

Our Supreme Court has set forth a specific standard to guide a sentencing court's discretion to dismiss a prior strike: we consider whether the defendant, in light of his or her current crime, and his or her criminal history, background, character, and prospects, may be deemed "outside the . . . spirit" of the Three Strikes law, in whole or in part, and hence, be treated as though he or she had not suffered the prior strike conviction. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) The Three Strikes law "creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.)

Contrary to defendant's assertion, the trial court clearly recognized that it had discretion to rule on the motion: it expressly stated that this court's opinion in *People v. Stapleton*, *supra*, E059314, did not say what the trial court should do. Moreover, the record indicates the trial court, in a discussion that extended over 16 pages of the reporter's transcript, considered the relevant *Williams* factors in refusing to dismiss a strike.

First, the trial court considered the current crimes and defendant's criminal history. The trial court acknowledged that the current crimes were de minimis and administrative. However, the trial court noted that defendant's prior crimes, which included entering a house and molesting a child, were "serious and dangerous" and

7

further observed that "the longest period of time he's been out of jail is months since 1986, literally months."

Next, the trial court considered defendant's character and prospects, stating that defendant was "simply unable to follow the rules," and that his failure to register was "volitional and intentional." Throughout the hearing, the trial court repeatedly discussed aspects of defendant's character. The trial court observed that defendant (1) knew his obligation and lied about having fulfilled it, (2) "had a real hard time following the rules," when he was out of custody, (3) was not "out of custody very long," and (4) was "a pretty bright guy," who "g[ot] the whole needing to mitigate his behavior stuff really well."

While the trial court did express its opinion that a sentence of 25 years to life was "very, very severe," the trial court properly recognized that its own opinion as to the severity of the punishment provided no basis for striking a strike. The *Williams* court stated that a sentencing court would not act properly "'if "guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant,"'" while ignoring the other factors listed above. (*Williams*, *supra*, 17 Cal.4th at p. 159.)

In short, after considering the proper factors, the trial court concluded that "there are no extraordinary factors that take [defendant] outside the spirit of the law." We reject defendant's contention that the trial court failed to exercise its discretion in denying his request to strike a strike.

**Evidence of Character**

Defendant next contends the trial court abused its discretion by refusing to hear evidence of or consider his character in connection with the motion to strike the prior. As noted *ante*, the trial court stated it had read the prior request to strike a strike and the supplemental filings. Counsel for both sides submitted on the paperwork.

At the sentencing hearing, the trial court asked defendant if he wanted to address the court. Defendant stated, "I would ask that you call my—if you would, my parole agent and ask for my character." The trial court responded, "[Y]ou know your character is not at issue." Defendant argues that the trial court therefore failed to consider his character, although character is a relevant and necessary consideration under *Williams.*

Defendant takes the trial court's statement out of context. The trial court continued, "You're hardheadedness about not doing what you should do when you know you should do it is at issue. And the only thing that is at issue today is a legal question of what I should do regarding your strikes and resentencing you. So your character is not really at issue."

As discussed *ante*, the record demonstrates that the trial court properly considered the evidence of defendant's character based on the evidence in the record. That evidence included defendant's lying to his house manager and his parole officer and his failure to follow rules. Defendant has pointed to no evidence of his character that the trial court failed to consider, and the trial court had no obligation to call defendant's parole agent to testify as to defendant's character when defense counsel had failed to do so. The trial court did not abuse its discretion.

9

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


MILLER
J.


CODRINGTON
J.